1  CARA GAGLIANO (SBN 308639)
   AARON MACKEY (SBN 286647)
2  ELECTRONIC FRONTIER FOUNDATION
   815 Eddy Street
3  San Francisco, CA 94109
   Tel.: (415) 436-9333
4  Email: cara@eff.org

5

6  STEPHANIE KRENT (*Pro Hac Vice* motion forthcoming)
   ALEX ABDO (*Pro Hac Vice* motion forthcoming)
7  KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY
   475 Riverside Drive, Suite 302
8  New York, NY 10115
   Tel.: (646) 745-8500
9  Email: stephanie.krent@knightcolumbia.org

10
   MARIA DEL PILAR GONZALEZ MORALES (SBN 308550)
11 SHUBHRA SHIVPURI (SBN 295543)
   SOCIAL JUSTICE LEGAL FOUNDATION
12 523 West 6th Street, Suite 450
   Los Angeles, CA 90014
13 Tel.: (213) 973-4063
   Email: pgonzalez@socialjusticelaw.org
14

15 *Attorneys for Plaintiffs A.B.O. Comix, Kenneth Roberts, Zachary Greenberg, Ruben Gonzalez-*
   *Magallanes, Domingo Aguilar, Kevin Prasad, Malti Prasad, and Wumi Oladipo*
16

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| A.B.O. Comix, Kenneth Roberts, Zachary Greenberg, Ruben Gonzalez-Magallanes, Domingo Aguilar, Kevin Prasad, Malti Prasad, and Wumi Oladipo,<br><br>Plaintiffs,<br><br>v.<br><br>County of San Mateo and Christina Corpus, in her official capacity as Sheriff of San Mateo County,<br><br>Defendants. | Case No.: 3:23-CV-1865-JSC<br><br>**NOTICE OF MOTION; MOTION TO REMAND TO STATE COURT**<br><br>Complaint Filed: March 9, 2023<br><br>Hearing: June 29, 2023<br>Time: 10:00 AM<br>Courtroom: 8<br>Judge: Hon. Jacqueline Scott Corley |

MOTION TO REMAND                      1                     Case No. 3:23-CV-1865-JSC

**TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on June 29, 2023, at 10:00 AM, or as soon thereafter as this matter may be heard, in Courtroom 8 of the United States District Court, Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiffs A.B.O. Comix, Kenneth Roberts, Zachary Greenberg, Ruben Gonzalez-Magallanes, Domingo Aguilar, Kevin Prasad, Malti Prasad, and Wumi Oladipo, by counsel, will move to ask the Court to exercise its discretion to remand this case to the Superior Court of San Mateo County.

Plaintiffs move for remand to the Superior Court of San Mateo County based on the grounds outlined below. Plaintiffs' motion to remand is based on this notice of motion and motion, the memorandum of points and authorities filed in support of this motion, and any other evidence or argument that may be presented to the Court before the motion is submitted for decision.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs' Amended Complaint challenges San Mateo County's policy of digitizing and destroying mail sent to people in its jails under Article I, Section 2 and Article I, Section 13 of the California Constitution. Where, as here, the parties are all located in California and the remaining substantive claims all arise under California law, California state court is the best forum for the suit. For this reason, Plaintiffs now seek remand to the Superior Court of San Mateo County, where this case was initially filed.

The circumstances of this case weigh heavily in favor of remand. Where no federal claims remain in the suit, "it is generally preferable for a district court to remand remaining pendent claims to state court." *Lee v. City of Beaumont*, 12 F.3d 933, 937 (9th Cir. 1993) (cleaned up), *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087 (9th Cir. 2008). Here, the factors outlined in 28 U.S.C. § 1367(c) counsel toward declining supplemental jurisdiction over Plaintiffs' claims arising under the California Constitution, and the animating values of economy, convenience, fairness, and comity, which courts consider when determining whether to retain or remand a case, also weigh in favor of remand.

## II. PROCEDURAL HISTORY

On March 9, 2023, Plaintiffs filed their complaint in San Mateo County Superior Court against Defendants the County of San Mateo and Christina Corpus, in her official capacity as Sheriff of San Mateo County. *See* Defs.' Notice of Removal, Ex. A, ECF No. 1 ("Compl."). The suit challenges San Mateo County's policy of digitizing and destroying mail sent to people in its jails, subjecting that mail to long-term surveillance and depriving incarcerated people of physical letters, drawings, and mementos from their loved ones. *See id.* ¶ 1. The causes of action were initially based on Article I, Section 2 and Article I, Section 13 of the California Constitution, as well as the First and Fourth Amendments to the U.S. Constitution and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq*. *See id.* ¶ 11. On April 17, 2023, Defendants removed the matter to this Court on the basis of federal question jurisdiction. Defs.' Notice of Removal ¶¶ 5–6.

Plaintiffs have now filed an Amended Complaint that no longer raises claims under federal law. The Amended Complaint alleges violations only of Article I, Section 2 and Article I, Section 13 of the California Constitution. Am. Compl. ¶¶ 12, 89–90, ECF No. 27. Plaintiffs now move the Court to remand the case to the Superior Court of San Mateo County.

## III. ARGUMENT

Plaintiffs' Amended Complaint raises only state-law claims, over which the Court lacks original jurisdiction. Now that no federal claims remain, the decision to remand lies in the sound discretion of this Court, *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009), as a federal district court "has discretion to keep, or decline to keep, [state-law claims] under the conditions set out in § 1367(c)." *Axess Int'l, Ltd. v. Intercargo Ins. Co.*, 183 F.3d 935, 943 (9th Cir. 1999) (cleaned up). The Court should exercise that discretion to remand this case because requiring Plaintiffs "to litigate in federal court a case that would be based entirely on state law would: (1) deprive plaintiff[s] of [their] chosen forum, [and] (2) deny plaintiff[s] the right to have California courts decide the issues of California law that govern [their] claims." *Millar v. Bay Area Rapid Transit Dist.*, 236 F. Supp. 2d 1110, 1113 (N.D. Cal. 2002). For the reasons that follow, the factors guiding a court's decision to decline supplemental jurisdiction, *see* 28 U.S.C. § 1367(c),

and the animating values of economy, convenience, fairness, and comity both weigh in favor of remanding to state court.

### A. The Court should decline supplemental jurisdiction over Plaintiffs' state-law claims for the reasons described in 28 U.S.C. § 1367(c).

The Court should exercise its discretion to decline supplemental jurisdiction over Plaintiffs' state-law claims and to remand the matter to state court because this case satisfies multiple conditions set out in § 1367(c). That section identifies four potential bases for declining supplemental jurisdiction: the presence of "novel or complex" state-law issues, the presence of state-law claims that "substantially predominate[]" over federal claims, the loss of claims over which the federal court had original jurisdiction, and the presence of "exceptional circumstances." § 1367(c). Because this case now involves only novel state constitutional claims, § 1367(c) supports remand.

First, only state-law claims remain in this case. The federal claims have been dropped, *see* § 1367(c)(3), and the state-law claims "necessarily predominate," *Kisaka v. Univ. of S. Cal. USC*, No. CV 17-01746 BRO (MRWx), 2017 WL 1960636, at *6 (C.D. Cal. May 11, 2017); *see also* § 1367(c)(2). Courts in this district regularly decline supplemental jurisdiction in similar situations and remand the cases to state court. *See, e.g.*, *M.H. v. Montessori Sch. at Wash. Ave., Inc.*, No. 3:21-cv-04558-WHO, 2022 WL 1516560, at *3 (N.D. Cal. May 13, 2022) ("[T]his is not a close question[.]"); *Bay Area Surgical Mgmt. v. United Healthcare Ins.*, No. C 12-01421 SI, 2012 WL 3235999, at *4–5 (N.D. Cal. Aug. 6, 2012); *Bay Area Surgical Mgmt. v. Blue Cross Blue Shield of Minn. Inc.*, No. 12-cv-848-LHK, 2012 WL 2919388, at *11 (N.D. Cal. July 17, 2012); *1488 Bayshore, LLC v. City of E. Palo Alto*, No. C09-2017 TEH, 2009 WL 1764573, at *1–2 (N.D. Cal. June 19, 2009); *Millar*, 236 F. Supp. 2d at 1119–21; *see also Lee*, 12 F.3d at 937 (recognizing preference for remand).

Second, declining jurisdiction is especially appropriate because the state-law claims each present "novel or complex" state-law questions. § 1367(c)(1). Where state-law claims raise "difficult, cutting edge issues with potentially far-reaching implications for many other California litigants," it is especially important "to permit California courts to address these significant

questions of California law in the first instance." *Millar*, 236 F. Supp. 2d at 1114. Each of Plaintiffs' California constitutional claims raises precisely the sort of novel and difficult questions of state law that California courts are best equipped to resolve in the first instance.

California's free speech provision is "more definitive and inclusive than the First Amendment," and California courts are best equipped to interpret that provision in new contexts. *See Golden Gateway Ctr. v. Golden Gateway Tenants Ass'n*, 29 P.3d 797, 801 (Cal. 2001) (quoting *Wilson v. Superior Court*, 532 P.2d 116, 120 (Cal. 1975)). In past cases, California district courts have suggested that novel claims under Article I, Section 2 are best heard in state court. *See Vegan Outreach, Inc. v. L.A. Cmty. Coll. Dist.*, No. CV 10-6525-GW(JCGx), 2013 WL 12233618, at *3 (C.D. Cal. Feb. 7, 2013); *Kaye v. Bd. of Tr. of San Diego Cnty. Pub. L. Libr.*, 612 F. Supp. 2d. 1146, 1149–50 (S.D. Cal. 2007). The Amended Complaint likewise raises novel claims under Article I, Section 2 regarding the constitutionality of the County's decision to eliminate non-legal physical mail behind bars and its long-term surveillance of Plaintiffs' mail and other information. *See, e.g.*, Am. Compl ¶ 89. This claim should be resolved in state court, where the applicability of the California Constitution can be determined authoritatively.

The same is true for the state privacy protections under Article I, Section 13. *See Betchart v. Dep't of Fish & Game*, 205 Cal. Rptr. 135, 136–37 (Cal. Ct. App. 1984); *People v. Brisendine*, 531 P.2d 1099, 1111–14 (Cal. 1975), *superseded on other grounds by state constitutional amendment*, Cal. Const. art. I, § 28(f)(2). Plaintiffs have alleged that the County's mail policy involves sweeping digitized surveillance, long term retention of user data and metadata, and broad access to that data, in violation of their privacy rights. *See* Am. Compl ¶¶ 43–48. This is a novel claim that challenges the use of recently adopted surveillance technology in a California jail system. *See id.* ¶ 90. Other federal courts have declined to exercise supplemental jurisdiction over claims brought under Article I, Section 13. *See McClendon v. City of Stockton*, No. CIV.S-03-0482 WBS GG, 2004 WL 2095706, at *5 (E.D. Cal. July 28, 2004). This Court should do the same to allow California courts the opportunity to determine this important state-law issue in the first instance.

### B. The values of economy, convenience, fairness, and comity weigh in favor of remanding the case.

The animating values of economy, convenience, fairness, and comity, which courts consider when determining whether to exercise jurisdiction over state-law claims also weigh in favor of remanding this case to state court. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (explaining relevance of factors). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

The balance of these factors weighs heavily toward remand. First, comity supports remand because remand would afford California state courts an opportunity to determine the meaning of the relevant provisions of the state constitution. *Barnes v. Cnty. of Placer*, 654 F. Supp. 2d 1066, 1073 (E.D. Cal. 2009) (stating that "primary responsibility for developing and applying state law rests with the state courts"), *aff'd on other grounds*, 386 F. App'x 633 (9th Cir. 2010); *cf. Kaye*, 612 F. Supp. 2d. at 1149–50 (recognizing that California courts may choose to depart from First Amendment doctrine in interpreting Article I, Section 2). Second, remand at this early stage serves economy because the Court has not yet invested judicial resources in the case, and because state courts can most efficiently handle state-law claims. *Carias v. Lenox Fin. Mortg. Corp.*, No. 07-0083 SC, 2008 WL 618917, at *2 (N.D. Cal. Mar. 5, 2008) ("[S]tate courts are better equipped to efficiently handle state law claims."); *Kisaka*, 2017 WL 1960636, at *5 (finding no duplication of effort where the court had never addressed the claims before it ).[1] Third, there would be nothing unfair about remanding the case. If anything, fairness would be served by restoring Plaintiffs' choice of a state forum. *See Carias*, 2008 WL 618917, at *2; *Allen v. Cnty. of Monterey*, No. C-06-07293 RMW, 2007 WL 3070973, at *5 (N.D. Cal. Oct. 19, 2007) ("Nor would it be fair to deprive plaintiff of her choice of forum."). Finally, state court is also convenient because all the

---

[1] Additionally, three judges of this court have denied motions to relate this case to others in their dockets. *See* ECF Nos. 18, 25; Order, *Johnson v. San Mateo Cnty.*, No. 5:22-cv-01342, May 2, 2023, ECF No. 17. There is therefore no other basis for finding an economy interest in retaining federal jurisdiction.

parties are located in California, and many, including Defendants, are located in San Mateo County. Am. Compl. ¶¶ 15–24; *see also Rosenthal v. City of San Leandro*, No. C01-03169WHA, 2002 WL 1813099, at *1 (N.D. Cal. July 26, 2002). Thus, this is "the usual case in which all federal-law claims are eliminated before trial," and the balance of factors points towards declining supplemental jurisdiction and remanding the case. *See Cohill*, 484 U.S. at 350 n.7.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully move the Court to grant their motion to remand.

DATED: May 24, 2023

Respectfully submitted,

/s/ Cara Gagliano
Cara Gagliano (SBN 308639)
Aaron Mackey (SBN 286647)
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
T: (415) 436-9333
cara@eff.org

Stephanie Krent**
Alex Abdo**
Knight First Amendment Institute at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
T: (646) 745-8500
stephanie.krent@knightcolumbia.org

Maria del Pilar Gonzalez Morales (SBN 308550)
Shubhra Shivpuri (SBN 295543)
Social Justice Legal Foundation
523 West 6th Street, Suite 450
Los Angeles, CA 90014
T: (213) 973-4063
pgonzalez@socialjusticelaw.org

*Counsel for Plaintiffs*

**Application for Admission Pro Hac Vice Forthcoming*