1  CARA GAGLIANO (SBN 308639)
   AARON MACKEY (SBN 286647)
2  ELECTRONIC FRONTIER FOUNDATION
   815 Eddy Street
3  San Francisco, CA 94109
   Tel.: (415) 436-9333
4  Email: cara@eff.org

5

6  STEPHANIE KRENT (*Pro Hac Vice* motion forthcoming)
   ALEX ABDO (*Pro Hac Vice* motion forthcoming)
7  KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY
   475 Riverside Drive, Suite 302
8  New York, NY 10115
   Tel.: (646) 745-8500
9  Email: stephanie.krent@knightcolumbia.org

10

11 MARIA DEL PILAR GONZALEZ MORALES (SBN 308550)
   SHUBHRA SHIVPURI (SBN 295543)
   SOCIAL JUSTICE LEGAL FOUNDATION
12 523 West 6th Street, Suite 450
   Los Angeles, CA 90014
13 Tel.: (213) 973-4063
   Email: pgonzalez@socialjusticelaw.org
14

15 *Attorneys for Plaintiffs A.B.O. Comix, Kenneth Roberts, Zachary Greenberg, Ruben Gonzalez-Magallanes, Domingo Aguilar, Kevin Prasad, Malti Prasad, and Wumi Oladipo*
16

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| A.B.O. Comix, Kenneth Roberts, Zachary Greenberg, Ruben Gonzalez-Magallanes, Domingo Aguilar, Kevin Prasad, Malti Prasad, and Wumi Oladipo,<br><br>Plaintiffs,<br><br>v.<br><br>County of San Mateo and Christina Corpus, in her official capacity as Sheriff of San Mateo County,<br><br>Defendants. | Case No.: 3:23-CV-1865-JSC<br><br>**REPLY IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO REMAND**<br><br>Complaint Filed: March 9, 2023<br><br>Hearing: June 29, 2023<br>Time: 10:00 AM<br>Courtroom: 8<br>Judge: Hon. Jacqueline Scott Corley |

## I. INTRODUCTION

Plaintiffs filed this lawsuit in state court so that a California court would decide their novel California constitutional claims. After Defendants removed this case, Plaintiffs sought to return to state court by filing an Amended Complaint that omitted their federal claims. Plaintiffs did not make this choice lightly: Plaintiffs believe that their federal claims, including their statutory claim under the Religious Land Use and Institutionalized Persons Act, are meritorious, but nevertheless decided that they would not litigate those claims. Nor did Plaintiffs delay; they removed their federal claims as soon as they were able to consult with counsel (using the slow means available to incarcerated individuals). Despite Defendants' protestations, the Ninth Circuit has recognized that there is "nothing manipulative about" this type of "straight-forward tactical decision," *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995), and nothing Defendants have argued alters the fact that Plaintiffs' state-law claims are best heard in state court. Unsurprisingly, federal courts regularly remand cases in this situation without dismissing the plaintiffs' federal claims with prejudice. Respectfully, this Court should do the same.

## II. ARGUMENT

### A. The only claims remaining are state-law claims, and they belong in state court.

The Amended Complaint no longer raises any federal claims, and Plaintiffs have made clear that they will not assert these claims again in this suit. *See* Gonzalez Decl. ¶¶ 6–8; DeVeaux Decl. ¶¶ 4, 6, ECF No. 31-1. There is no question that remand is appropriate—and common—under 28 U.S.C. § 1367(c) in such a case. *See, e.g., M.H. v. Montessori Sch. at Wash. Ave., Inc.*, No. 3:21-cv-04558-WHO, 2022 WL 1516560, at *3 (N.D. Cal. May 13, 2022); *Beverly v. Newport Beach Police Dep't*, No. 8:21-cv-1277-JGB (SP), 2021 WL 4507476, at *2, *4 (C.D. Cal. Sept. 2, 2021), *R&R adopted*, 2021 WL 4502721 (C.D. Cal. Oct. 1, 2021); *Kisaka v. Univ. of S. Cal. USC*, No. CV 17-01746 BRO (MRWx), 2017 WL 1960636, at *5–6 (C.D. Cal. May 11, 2017); *Carias v. Lenox Fin. Mortg. Corp.*, No. 07-0083 SC, 2008 WL 618917, at *2 (N.D. Cal. Mar. 5, 2008); *see also* § 1367(c)(2). Nor is there any question that the values of economy, convenience, fairness, and comity demonstrate that the case should proceed in state court. Plaintiffs explained in their

motion, and Defendants do not contest, that these interests are best served by allowing state courts to decide state claims, especially when they raise novel legal questions and there has been no substantive litigation of those claims in federal court, *see* Mot. to Remand 4–7, ECF No. 28. *See also, e.g.*, *M.H.*, 2022 WL 1516560, at *3 (remanding case in similar circumstance); *Carias*, 2008 WL 618917, at *2 (same).

Against this clear precedent, Defendants make two equally baffling arguments. First, they argue that the Amended Complaint "continues to plead federal-law claims," Opp'n 7, but it is plain from the face of the Amended Complaint that no federal claims remain in the case. *See* Am. Compl. ¶¶ 12, 89–90, ECF No. 27. Plaintiffs' counsel have emphasized this point repeatedly. *See* Gonzalez Decl. ¶ 8; DeVeaux Decl. ¶ 4 (explaining that Plaintiffs also do not intend to file a new suit to raise federal claims separately), ¶ 6 ("[W]e've already dropped the [federal] claims and have told you that we have no intention of refiling them."). Defendants' position thus requires the Court to ignore the text of the Amended Complaint, including the absence of any statutory religious claims whatsoever, and Defendants' own declaration, which makes clear that there are no live federal claims in this case.

Next, Defendants argue that this Court should retain jurisdiction over Plaintiffs' state constitutional claims because the analysis of California's constitutional provisions may be informed by federal constitutional analysis, *see* Opp'n 9, but this argument fails for two reasons. First, the relevance of federal precedent to state claims has never been a basis to retain federal jurisdiction over purely state-law claims. *See, e.g.*, *Pub. Sch. Tchrs.' Pension & Ret. Fund of Chi. v. Guthart*, No. 5:14-CV-01384 EJD, 2014 WL 2891563, at *3 (N.D. Cal. June 25, 2014) (rejecting the argument that retention of jurisdiction is necessary even where "federal law is infused throughout the [c]omplaint")). Second, California's Supreme Court has made clear that the State constitution's free speech and privacy guarantees are distinct from—and broader than—their federal analogs. California's free speech provision is "more definitive and inclusive than the First Amendment," *Golden Gateway Ctr. v. Golden Gateway Tenants Ass'n*, 29 P.3d 797, 801 (Cal. 2001) (quoting *Wilson v. Superior Court*, 532 P.2d 116, 120 (Cal. 1975)), as is the state privacy provision, because "the California Constitution is, and always has been, a document of

independent force." *People v. Brisendine*, 531 P.2d 1099, 1110, 1113 (Cal. 1975), *superseded on other grounds by state constitutional amendment*, Cal. Const. art. I, § 28(f)(2). Therefore, California's courts are best positioned to resolve Plaintiffs' state constitutional claims authoritatively.

Defendants' argument is radical in its implications. If state constitutional claims necessarily imply federal-law claims whenever there are federal constitutional analogs, *see* Opp'n 7–8, then *every* such state claim could be removed to federal court. And if the mere possibility that federal precedent could inform state constitutional law requires federal courts to retain jurisdiction over those claims, state courts might never have an opportunity to breathe independent life into their state constitutional provisions. This cannot be the case.

Defendants also dispute the viability of Plaintiffs' claims, Opp'n 9–11, but these arguments are misplaced, as it is for California courts to decide what level of scrutiny applies to Plaintiffs' state constitutional claims and how the claims would fare under the correct standard. Indeed, Defendants' lengthy discussion of Ninth Circuit precedent on federal law, *see* Opp'n 9–10, only underscores that *state constitutional protections* remain an open question under California law. The same is true of Defendants' arguments about Penal Code § 2600, a California statute that provides a protective standard for statutory and constitutional rights of incarcerated people, but does not—and cannot—definitively interpret the state constitution's independent guarantee of rights.[1] It is precisely because these questions are unsettled that remand is important here, as it would allow a California court to address the scope of the California constitution's search and seizure and free expression clauses.

**B. Plaintiffs were not required to dismiss their federal claims with prejudice.**

Defendants attempt to make a mountain out of a molehill by arguing that Plaintiffs were required to stipulate to dismissal of their federal claims with prejudice. Opp'n 5–7. This is not true.

---

[1] Existing precedent is not to the contrary: neither *In re Qawi*, 81 P.3d 224 (Cal. 2004), nor *Thompson v. Dep't of Corr.*, 18 P.3d 1198 (Cal. 2001), defines the standard of review for Plaintiffs' state constitutional claims.

Plaintiffs' actions are routine in this District, and neither the text of § 1367(c) nor the existing caselaw appears to contemplate such a requirement.

None of the cases on which Defendants rely, Opp'n 5–7, suggests that dismissal with prejudice is necessary or even an important factor to consider in the Court's remand analysis. The cases cited by Defendants do not analyze whether dismissal with prejudice is required. *See, e.g.*, *Ricks v. Voong*, No. 18-CV-01069-JD, 2018 WL 3068305, at *2 (N.D. Cal. June 21, 2018) (stating dismissal with prejudice would be required without further explanation). In any event, the cases arise from different factual scenarios that may have made dismissal with prejudice appropriate as a discretionary matter in those circumstances. *See, e.g.*, *Ricks*, 2018 WL 3068305 (plaintiff sought remand without first amending the complaint to remove federal claims); *Renewable Creative v. Lake Las Vegas Destination Mktg. Council*, No. 2:11-CV-01974-KJD-CWH, 2012 WL 1432414, at *1 (D. Nev. Apr. 25, 2012) (same); *Gray v. H.K. Porter Co., Inc.*, No. C-93-3645-VRW, 1994 WL 443693, at *1 (N.D. Cal. Aug. 8, 1994) (plaintiff himself proposed dismissal of federal claims with prejudice).

Defendants thus offer no more than an ill-defined concern that Plaintiffs will attempt to file further amendments raising the same federal claims, despite the fact that Plaintiffs have omitted those claims from the Amended Complaint and have explicitly and repeatedly committed to not raising them again in this case. *See* Am. Compl. ¶¶ 12, 89–90; Gonzalez Decl. ¶¶ 6–8; DeVeaux Decl. ¶¶ 4, 6. Even if Defendants' concerns were not misplaced, they would have ample recourse: they could oppose a subsequent motion to amend or remove the case again. As another California district court observed, "nothing would prevent Defendants from once again removing the action to federal court. The Court does not perceive a threat of gamesmanship in such a scenario, as Plaintiff would gain nothing from such a stratagem." *Vaca v. The Vons Cos., Inc.*, CV-15-6635-MWF-AGR, 2015 WL 7722345, at *4 (C.D. Cal. Nov. 30, 2015).

For these reasons, it is routine for courts to remand without requiring Plaintiffs to dismiss voluntarily removed federal claims with prejudice. *See, e.g.*, *Beverly*, 2021 WL 4507476; *Rodriguez v. Emeritus Corp.*, No. 2:18-cv-00341-KJM-CKD, 2018 WL 4214922 (E.D. Cal. Sept. 5, 2018); *Cabrera v. City of L.A.*, No. CV 17-3606 PA (KSx), 2017 WL 11632941 (C.D. Cal. June

7, 2017); *Kisaka*, 2017 WL 1960636; *Blue v. Cal. Off. of the Inspector Gen.*, No. 2:15-cv-02656-KJM-CKD, 2016 WL 1138145 (E.D. Cal. Mar. 23, 2016); *Vaca*, 2015 WL 7722345; *1488 Bayshore, LLC v. City of E. Palo Alto*, No. C09-2017 THE, 2009 WL 1764573, (N.D. Cal. June 19, 2009; *E. Bay Drivers Ass'n v. Kaur*, No. C03-1241 SI, 2003 WL 21439216 (N.D. Cal. June 9, 2003). This Court should do the same.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion to remand.

DATED: June 14, 2023

Respectfully submitted,

/s/ *Cara Gagliano*
Cara Gagliano (SBN 308639)
Aaron Mackey (SBN 286647)
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
T: (415) 436-9333
cara@eff.org

Stephanie Krent**
Alex Abdo**
Knight First Amendment Institute at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
T: (646) 745-8500
stephanie.krent@knightcolumbia.org

Maria del Pilar Gonzalez Morales (SBN 308550)
Shubhra Shivpuri (SBN 295543)
Social Justice Legal Foundation
523 West 6th Street, Suite 450
Los Angeles, CA 90014
T: (213) 973-4063
pgonzalez@socialjusticelaw.org

*Counsel for Plaintiffs*
**Application for Admission Pro Hac Vice Forthcoming*