PATRICK M. RYAN (SBN 203215)
  *pryan@bzbm.com*
CHAD E. DEVEAUX (SBN 215482)
  *cdeveaux@bzbm.com*
CHRISTOPHER W. GRIBBLE (SBN 285337)
  *cgribble@bzbm.com*
TAYLOR YAMAHATA (SBN 347192)
  *tyamahata@bzbm.com*
BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile:  (415) 956-1152

Attorneys for Defendants COUNTY OF SAN
MATEO and CHRISTINA CORPUS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| A.B.O. COMIX, KENNETH ROBERTS, ZACHARY GREENBERG, RUBEN GONZALEZ-MAGALLANES, DOMINGO AGUILAR, KEVIN PRASAD, MALTI PRASAD, and WUMI OLADIPO,<br><br>           Plaintiffs,<br><br>      v.<br><br>COUNTY OF SAN MATEO and CHRISTINA CORPUS, in her official capacity as Sheriff of San Mateo County,<br><br>           Defendants. | Case No. 3:23-cv-1865-JSC<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT AND COUNTERCLAIMS** |

Defendants County of San Mateo (the "County") and Christina Corpus in her official capacity as Sheriff of San Mateo County (collectively "Defendants") hereby answer the Amended Complaint for Injunctive and Declaratory Relief for Violation of Article I, § 2 and § 13 of the California Constitution ("Amended Complaint") filed by Plaintiffs A.B.O. Comix, Kenneth Roberts, Zachary Greenberg, Ruben Gonzalez-Magallanes, Domingo Aguilar, Kevin Prassad, Malti Prasad, and Wumi Oladipo (collectively "Plaintiffs") as follows:

Defendants generally deny each and every allegation of Plaintiffs' Amended Complaint, except those allegations expressly admitted below. Defendants further deny that Plaintiffs are entitled to any relief from Defendants.

## INTRODUCTION

1.      Responding to the allegations set forth in Paragraph 1 of the Amended Complaint, Defendants admit in 2021 the County implemented a new mail policy (the "Mail Policy") utilizing Smart Communications Holding, Inc.'s  ("Smart") technology to provide digital inmate communications services through a service generally referred to as "MailGuard." Defendants admit that Smart is based in Florida. As to all other allegations set forth in this Paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, deny each and every one of them.

2.      Responding to the allegations set forth in Paragraph 2 of the Amended Complaint, Defendants deny that the Mail Policy serves no legitimate penological purpose. As to all other allegations set forth in this Paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, deny each and every one of them.

3.      Responding to the allegations set forth in Paragraph 3 of the Amended Complaint, Defendants admit that Plaintiffs Kenneth Roberts, Ruben Gonzalez-Magallanes, Domingo Aguilar, and Kevin Prasad currently are incarcerated in San Mateo County. As to all other allegations set forth in this Paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, deny each and every one of them.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

4.      Responding to the allegations set forth in Paragraph 4 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4, and on that basis, deny each and every one of them.

5.      Responding to the allegations set forth in Paragraph 5 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, deny each and every one of them.

6.      Responding to the allegations set forth in Paragraph 6 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6, and on that basis, deny each and every one of them.

7.      Responding to the allegations set forth in Paragraph 7 of the Amended Complaint, Defendants admit that Plaintiff Zachary Greenberg was incarcerated in San Mateo County when this lawsuit was filed. As to all other allegations set forth in this Paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, deny each and every one of them.

8.      Responding to the allegations set forth in Paragraph 8 of the Amended Complaint, Defendants deny each and every one of them.

9.      Responding to the allegations set forth in Paragraph 9 of the Amended Complaint, Defendants deny that the Mail Policy serves no legitimate penological purpose. As to all other allegations set forth in this Paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, deny each and every one of them.

10.      Responding to the allegations set forth in Paragraph 10 of the Amended Complaint, Defendants deny that the Mail Policy undermines the County's penological interests in successful reentry. As to all other allegations set forth in this Paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, deny each and every one of them.

11.      Responding to the allegations set forth in Paragraph 11 of the Amended Complaint, Defendants deny that the Mail Policy impedes religious correspondence. As to all other allegations

DEFENDANTS' ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

1    set forth in this Paragraph, Defendants are without sufficient knowledge or information to form a

2    belief as to the truth of the allegations, and on that basis, deny each and every one of them.

3         12.    Responding to the allegations set forth in Paragraph 12 of the Amended Complaint,

4    Defendants deny Plaintiffs are entitled to any relief. Defendants further deny that the Mail Policy

5    and use of MailGuard violates Article I, § 2 of the California Constitution and Article I, § 13 of

6    the California Constitution.

7                            **JURISDICTION AND VENUE**

8         13.    Responding to the allegations set forth in Paragraph 13 of the Amended Complaint,

9    Defendants admit this Court had subject-matter jurisdiction over Plaintiffs' claims under 28

10   U.S.C. §§ 1331 and 1367, and continues to have subject-matter jurisdiction because federal

11   jurisdiction is established at the time of removal and cannot be extinguished by subsequent

12   amendments. Defendants further admit that venue was and remains appropriate under 28 U.S.C. §

13   1446(a) because the Superior Court of San Mateo County is located in the Northern District of

14   California.

15        14.    Responding to the allegations set forth in Paragraph 14 of the Amended Complaint,

16   Defendants deny that venue is proper in San Mateo County Superior Court.

17                                  **PARTIES**

18        15.    Responding to the allegations set forth in Paragraph 15 of the Amended Complaint,

19   Defendants are without sufficient knowledge or information to form a belief as to the truth of the

20   allegations and, on that basis, deny each and every one of them.

21        16.    Responding to the allegations set forth in Paragraph 16 of the Amended Complaint,

22   Defendants admit that Plaintiff Kenneth Roberts is currently incarcerated in San Mateo County at

23   Maple Street Correctional Center. As to all other allegations set forth in this Paragraph,

24   Defendants are without sufficient knowledge or information to form a belief as to the truth of the

25   allegations, and on that basis, deny each and every one of them.

26

27

28

DEFENDANTS' ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

17.     Responding to the allegations set forth in Paragraph 17 of the Amended Complaint, Defendants admit that Plaintiff Ruben Gonzalez-Magallanes is currently incarcerated in San Mateo County at Maple Street Correctional Center. As to all other allegations set forth in this Paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, deny each and every one of them.

18.     Responding to the allegations set forth in Paragraph 18 of the Amended Complaint, Defendants admit that Plaintiff Domingo Aguilar is currently incarcerated in San Mateo County at Maple Street Correctional Center. As to all other allegations set forth in this Paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, deny each and every one of them.

19.     Responding to the allegations set forth in Paragraph 19 of the Amended Complaint, Defendants admit that Plaintiff Kevin Prasad is currently incarcerated in San Mateo County at Maple Street Correctional Center. As to all other allegations set forth in this Paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, deny each and every one of them.

20.     Responding to the allegations set forth in Paragraph 20 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, deny each and every one of them.

21.     Responding to the allegations set forth in Paragraph 21 of the Amended Complaint, Defendants admit that Plaintiff Zachary Greenberg was previously incarcerated in San Mateo County at Maple Street Correctional Center. As to all other allegations set forth in this Paragraph, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, deny each and every one of them.

22.     Responding to the allegations set forth in Paragraph 22 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations and, on that basis, deny each and every one of them.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

23.     Responding to the allegations set forth in Paragraph 23 of the Amended Complaint, Defendants admit the allegations contained in the first two sentences to Paragraph 23, but deny each of the remaining allegations to this paragraph.

24.     Responding to the allegations set forth in Paragraph 24 of the Amended Complaint, Defendants admit that Christina Corpus is the Sheriff of San Mateo County. Defendants deny the remaining allegations.

## FACTS

25.     Responding to the allegations set forth in Paragraph 25 of the Amended Complaint, Defendants admit that Smart is a Florida-based company. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations to paragraph 25 and, on that basis, deny each and every one of them.

26.     Responding to the allegations set forth in Paragraph 26 of the Amended Complaint, Defendants admit that certain County corrections officers can review mail, approve or reject it, and that incarcerated persons have access to approved mail via tablets and kiosks. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations to Paragraph 26 and, on that basis, deny each and every one of them.

27.     Responding to the allegations set forth in Paragraph 27 of the Amended Complaint, Defendants admit that, prior to implementing the Mail Policy, incoming physical mail was reviewed before delivery to its recipient. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations to Paragraph 27 and, on that basis, deny each and every one of them.

28.     Responding to the allegations set forth in Paragraph 28 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 28 and, on that basis, deny each and every one of them.

29.     Responding to the allegations set forth in Paragraph 29 of the Amended Complaint, Defendants deny that their use of MailGuard subjects incoming mail and those who send it to surveillance that is unprecedented in its scope and duration.

a.   Responding to Paragraph 29a of the Amended Complaint, Defendants admit that

the County's contract with Smart provided that Smart would store all digitized mail for seven years from the date of the inmate's release from the County's facility. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations to Paragraph 29a and, on that basis, deny each and every one of them.

    b.    Responding to Paragraph 29b of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations to Paragraph 29b and, on that basis, deny each and every one of them.

    c.    Responding to Paragraph 29c of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations to Paragraph 29c and, on that basis, deny each and every one of them.

30.    Responding to the allegations set forth in Paragraph 30 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, deny each and every one of them.

31.    Responding to the allegations set forth in Paragraph 31 of the Amended Complaint, Defendants admit the allegations to this paragraph.

32.    Responding to the allegations set forth in Paragraph 32 of the Amended Complaint, Defendants admit that, in 2021, the County implemented the Mail Policy and began to deliver inmate postal mail electronically (instead of physically) using Smart's MailGuard technology. Defendants further admit that on April 6, 2021, the Sheriff's Office issued a press release regarding the upcoming mail policy changes. Defendants further admit that the Sheriff's Office informed certain corrections officers of the upcoming mail policy changes. Defendants further admit that the County issued requests for proposals relating to various inmate communication services. Defendants further admit that the County announced in May 2021 that a contract for certain inmate communications services would be awarded to Smart. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations to Paragraph 32 and, on that basis, deny each and every one of them.

33.    Responding to the allegations set forth in Paragraph 33 of the Amended Complaint,

Defendants admit allegations contained in the first two sentences of Paragraph 33. Defendants deny each and every one of the remaining allegations to Paragraph 33.

34.     Responding to Paragraph 34 of the Amended Complaint, Defendants admit that certain non-legal inmate mail is sent to Florida for digitization. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations to Paragraph 34 and, on that basis, deny each and every one of them.

35.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 of the Amended complaint and on that basis, deny each and every one of them.

36.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36 of the Amended complaint and on that basis, deny each and every one of them.

37.     Responding to Paragraph 37 of the Amended Complaint, Defendants deny that in-person educational opportunities are very limited for those incarcerated in San Mateo County. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations to Paragraph 37 and, on that basis, deny each and every one of them.

38.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 of the Amended Complaint and on that basis, deny each and every one of them.

39.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39 of the Amended Complaint and on that basis, deny each and every one of them.

40.     Responding to the allegations set forth in Paragraph 40 of the Amended Complaint, Defendants deny that the County's digitization of inmate mail has undermined the ability of County inmates to express themselves and to associate with others through the mail. Defendants respond to the subparts to Paragraph 40 as follows:

a.     Defendants admit the allegations contained in Paragraph 40a of the Amended Complaint.

b.   Defendants deny the allegations contained in Paragraph 40b of the Amended Complaint.

c.   Defendants deny the allegations contained in Paragraph 40c of the Amended Complaint.

d.   Defendants deny the allegations contained in Paragraph 40d of the Amended Complaint.

e.   Defendants admit that the screens to the tablets are approximately 7 inches across. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations to Paragraph 40e and, on that basis, deny each and every one of them.

41.   Responding to the allegations set forth in Paragraph 41 of the Amended Complaint, Defendants admit that phones for County inmates are in shared spaces and sometimes adjacent to others. Defendants further admit that video visitation and email messaging may be conducted through tablets. Defendants further admit that video communications are recorded and retained. Defendants further admit that in-person visits are permitted at Maple Street Correction Center. Defendants further admit that visits are allowed at Maguire Correction Facility. Defendants further admit that visitation by minors is not permitted. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations to Paragraph 41 and, on that basis, deny each and every one of them.

42.   Defendants deny each and every allegation to Paragraph 42 of the Amended Complaint.

43.   Defendants deny each and every allegation to Paragraph 43 of the Amended Complaint.

44.   Responding to Paragraph 44 of the Amended Complaint, Defendants admit that certain San Mateo County officials have access to Smart's SmartEcosystem Dashboard and digital copies of incoming non-legal mail. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations to Paragraph 44, including the allegations contained in the footnote to Paragraph 44, and, on that basis, deny each and every one of them.

DEFENDANTS' ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

45. Responding to Paragraph 45 of the Amended Complaint, Defendants admit that in certain instances the County permits certain approved officials to search the SmartEcosystem Dashboard. Defendants admit the allegations contained in the third sentence to Paragraph 45 of the Amended Complaint. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations to Paragraph 45 and, on that basis, deny each and every one of them.

46. Responding to the allegations set forth in Paragraph 46 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, deny each and every one of them, including the allegations contained in the footnote to Paragraph 46.

47. Responding to the allegations set forth in Paragraph 47 of the Amended Complaint, Defendants admit that the County provided public notice regarding the Mail Policy, including that non-legal physical mail would be scanned and made available for viewing on inmate kiosks or tablets. Defendants further admit that when non-legal inmate mail is sent to a San Mateo County jail, the County returns it to the sender. The County further admits that its Mail Policy is posted on the County Sheriff's Office website, and includes instructions to send non-legal physical inmate mail to Smart's processing center in Florida. Defendants admit that the County provides a notice on its website and also through the jail describing its inmate mail procedure. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations to Paragraph 47 and, on that basis, deny each and every one of them.

48. Responding to the allegations set forth in Paragraph 48 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, deny each and every one of them.

49. Responding to the allegations set forth in Paragraph 49 of the Amended Complaint, Defendants admit the allegations contained in the second and third sentences to Paragraph 49. Defendants deny the remaining allegations to paragraph 49.

50. Responding to the allegations set forth in Paragraph 50 of the Amended Complaint, Defendants deny the allegations contained in the first sentence to Paragraph 50. Defendants are

DEFENDANTS' ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

without sufficient knowledge or information to form a belief as to the truth of the remaining allegations to Paragraph 50 and, on that basis, deny each and every one of them.

51.     Responding to the allegations set forth in Paragraph 51 of the Amended Complaint, Defendants deny the allegations contained in the first sentence to Paragraph 51. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 51, and on that basis, deny each and every one of them.

52.     Responding to the allegations set forth in Paragraph 52 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, deny each and every one of them.

53.     Responding to the allegations set forth in Paragraph 53 of the Amended Complaint, Defendants deny the allegations contained in the first sentence to Paragraph 53. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 53, and on that basis, deny each and every one of them.

54.     Responding to the allegations set forth in Paragraph 54 of the Amended Complaint, Defendants deny the allegations contained in the first sentence to Paragraph 54. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations to Paragraph 54 and, on that basis, deny each and every one of them.

55.     Responding to the allegations set forth in Paragraph 55 of the Amended Complaint, Defendants deny the allegations contained in the first sentence to Paragraph 55, but admit the allegations contained in the second sentence to Paragraph 55. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations to Paragraph 55 and, on that basis, deny each and every one of them.

56.     Responding to the allegations set forth in Paragraph 56 of the Amended Complaint, Defendants deny the allegations contained in the first sentence to Paragraph 56. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations to Paragraph 56 and, on that basis, deny each and every one of them.

57.     Responding to the allegations set forth in Paragraph 57 of the Amended Complaint, Defendants deny the allegations contained in the fifth, sixth, and seventh sentences to Paragraph

DEFENDANTS' ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

57. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations to Paragraph 57 and, on that basis, deny each and every one of them.

58.     Responding to the allegations set forth in Paragraph 58 of the Amended Complaint, Defendants deny the allegations contained in the first and final sentences to Paragraph 58. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations to Paragraph 58 and, on that basis, deny each and every one of them.

59.     Responding to the allegations set forth in Paragraph 59 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, deny each and every one of them.

60.     Responding to the allegations set forth in Paragraph 60 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, deny each and every one of them.

61.     Responding to the allegations set forth in Paragraph 61 of the Amended Complaint, Defendants deny that the Mail Policy has undermined A.B.O. Comix's expression and association with its incarcerated members. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations to Paragraph 61 and, on that basis, deny each and every one of them.

62.     Responding to the allegations set forth in Paragraph 62 of the Amended Complaint, Defendants deny that the Mail Policy has deterred members of the collective from expressing themselves. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations to Paragraph 62 and, on that basis, deny each and every one of them.

63.     Responding to the allegations set forth in Paragraph 63 of the Amended Complaint, Defendants admit that Kenneth Roberts has been incarcerated at Maple Street Correctional Center since September 2021. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations to Paragraph 63 and, on that basis, deny each and every one of them.

64.     Responding to the allegations set forth in Paragraph 64 of the Amended Complaint,

Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, deny each and every one of them.

65.     Responding to the allegations set forth in Paragraph 65 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, deny each and every one of them.

66.     Responding to the allegations set forth in Paragraph 66 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, deny each and every one of them.

67.     Responding to the allegations set forth in Paragraph 67 of the Amended Complaint, Defendants admit the allegations contained in the first sentence to Paragraph 67. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations to Paragraph 67 and, on that basis, deny each and every one of them.

68.     Responding to the allegations set forth in Paragraph 68 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, deny each and every one of them.

69.     Responding to the allegations set forth in Paragraph 69 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, deny each and every one of them.

70.     Responding to the allegations set forth in Paragraph 70 of the Amended Complaint, Defendants deny the allegations contained in the first and final sentences to Paragraph 70. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations to Paragraph 70 and, on that basis, deny each and every one of them.

71.     Responding to the allegations set forth in Paragraph 71 of the Amended Complaint, Defendants admit the allegations contained in the first and second sentences to Paragraph 71. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations to Paragraph 71 and, on that basis, deny each and every one of them.

72.     Responding to the allegations set forth in Paragraph 72 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the

1   allegations in this Paragraph, and on that basis, deny each and every one of them.

2       73.     Responding to the allegations set forth in Paragraph 73 of the Amended Complaint,

3   Defendants are without sufficient knowledge or information to form a belief as to the truth of the

4   allegations in this Paragraph, and on that basis, deny each and every one of them.

5       74.     Responding to the allegations set forth in Paragraph 74 of the Amended Complaint,

6   Defendants admit the allegations contained in the first sentence to Paragraph 74. Defendants are

7   without sufficient knowledge or information to form a belief as to the truth of the remaining

8   allegations to Paragraph 74 and, on that basis, deny each and every one of them.

9       75.     Responding to the allegations set forth in Paragraph 75 of the Amended Complaint,

10  Defendants deny the allegations contained in the first sentence to Paragraph 75. Defendants are

11  without sufficient knowledge or information to form a belief as to the truth of the remaining

12  allegations to Paragraph 75 and, on that basis, deny each and every one of them.

13      76.     Responding to the allegations set forth in Paragraph 76 of the Amended Complaint,

14  Defendants are without sufficient knowledge or information to form a belief as to the truth of the

15  allegations in this Paragraph, and on that basis, deny each and every one of them.

16      77.     Responding to the allegations set forth in Paragraph 77 of the Amended Complaint,

17  Defendants are without sufficient knowledge or information to form a belief as to the truth of the

18  allegations in this Paragraph, and on that basis, deny each and every one of them.

19      78.     Responding to the allegations set forth in Paragraph 78 of the Amended Complaint,

20  Defendants are without sufficient knowledge or information to form a belief as to the truth of the

21  allegations in this Paragraph, and on that basis, deny each and every one of them.

22      79.     Responding to the allegations set forth in Paragraph 79 of the Amended Complaint,

23  Defendants deny the allegations contained in the first sentence to Paragraph 79. Defendants are

24  without sufficient knowledge or information to form a belief as to the truth of the remaining

25  allegations to Paragraph 79 and, on that basis, deny each and every one of them.

26      80.     Responding to the allegations set forth in Paragraph 80 of the Amended Complaint,

27  Defendants deny the allegations contained in the final sentence to Paragraph 80. Defendants are

28  without sufficient knowledge or information to form a belief as to the truth of the remaining

allegations to Paragraph 80 and, on that basis, deny each and every one of them.

81.     Responding to the allegations set forth in Paragraph 81 of the Amended Complaint, Defendants admit the allegations contained in the first sentence to Paragraph 81. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations to Paragraph 81 and, on that basis, deny each and every one of them.

82.     Responding to the allegations set forth in Paragraph 82 of the Amended Complaint, Defendants deny the allegations contained in the first sentence to Paragraph 82. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations to Paragraph 82 and, on that basis, deny each and every one of them.

83.     Responding to the allegations set forth in Paragraph 83 of the Amended Complaint, Defendants deny the allegations contained in the first sentence to Paragraph 83. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations to Paragraph 83 and, on that basis, deny each and every one of them.

84.     Responding to the allegations set forth in Paragraph 84 of the Amended Complaint, Defendants deny the allegations contained in the first sentence to Paragraph 84. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations to Paragraph 84 and, on that basis, deny each and every one of them.

85.     Responding to the allegations set forth in Paragraph 85 of the Amended Complaint, Defendants deny the allegations contained in the first sentence to Paragraph 85. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations to Paragraph 85 and, on that basis, deny each and every one of them.

86.     Responding to the allegations set forth in Paragraph 86 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, deny each and every one of them.

87.     Responding to the allegations set forth in Paragraph 87 of the Amended Complaint, Defendants deny the allegations contained in the first sentence to Paragraph 87. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations to Paragraph 87 and, on that basis, deny each and every one of them.

88.     Responding to the allegations set forth in Paragraph 88 of the Amended Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in this Paragraph, and on that basis, deny each and every one of them.

**CAUSES OF ACTION**

**COUNT ONE**

**Article I, Section 2 of the California Constitution**

**On behalf of all Plaintiffs against all Defendants**

89.     Responding to the allegations set forth in Paragraph 89 of the Amended Complaint, Defendants deny each and every allegation contained in Paragraph 89.

**COUNT TWO**

**Article I, Section 13 of the California Constitution**

**On behalf of all Plaintiffs against all Defendants**

90.     Responding to the allegations set forth in Paragraph 90 of the Amended Complaint, Defendants deny each and every allegation contained in Paragraph 90.

**AFFIRMATIVE DEFENSES**

Defendants assert the following affirmative defenses. By doing so, Defendants do not assume the burden of proving any facts, issues, or elements of Plaintiffs' claims for relief whether such burden properly and solely belongs to the Plaintiffs. Nothing stated herein is intended to be construed as an acknowledgment that any particular issue or subject matter is relevant to Plaintiffs' allegations. Nothing stated herein shall constitute an admission of any kind.

**FIRST AFFIRMATIVE DEFENSE**

**(Lack of Standing as to Plaintiff A.B.O. Comix)**

1.     Plaintiff A.B.O. Comix lacks associational standing to bring its claims under Article III of the United States Constitution.

**SECOND AFFIRMATIVE DEFENSE**

**(Lack of Standing as to Plaintiff Zachary Greenberg)**

2.     Plaintiff Zachary Greenberg lacks standing and the claims based on his past incarceration in the County's jails are moot. The Amended Complaint pleads that "Plaintiff

Zachary Greenberg is currently incarcerated at Folsom State Prison" and is no longer incarcerated in any of the County's jails. Amended Complaint ("AC") ¶ 21. But a plaintiff who "is no longer incarcerated in [a] Jail . . . is not subject to the Jail's polic[ies]" and "has no standing to seek . . . injunctive relief" regarding such policies. *King v. Baca*, 2001 WL 682793, at *3, *5 (C.D. Cal. June 12, 2001). As such, Plaintiff Zachary Greenberg lacks standing and any injunctive-relief claims Mr. Greenberg could have brought in the past based on previous incarceration in the County's jails are moot.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing as to Plaintiff Wumi Oladipo)

3.     The Amended Complaint represents that "Wumi Oladipo . . . is the significant other of Zachary Greenberg." AC ¶ 86. Assuming arguendo that her relationship with Mr. Greenberg would have conferred standing to challenge the mail policy during Mr. Greenberg's incarceration in the County's jails, she no longer has standing because "Mr. Greenberg was transferred to state custody" and is now "incarcerated at Folsom State Prison." AC ¶¶ 21, 86. Thus, neither Mr. Greenberg nor Ms. Oladipo are "subject to the Jail's polic[ies]" and have "no standing [to] seek . . . injunctive relief" regarding such policies. *King*, 2001 WL 682793, at *3, *5. Any injunctive-relief claims Ms. Oladipo could have brought in the past based on her significant other's previous incarceration in the County's jails are moot.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

4.     Plaintiffs have failed to exhaust their administrative remedies. To bring a claim under California law regarding the terms of confinement, prisoners "must exhaust available administrative remedies before filing a lawsuit." *Parthemore v. Col*, 221 Cal. App. 4th 1372, 1380 (2013). In addition, "where remedy by appeal is available" under a grievance procedure, the plaintiff likewise must exhaust all avenues of appeal under the procedure "before redress may be had in the courts." *Blake v. PUC of City & Cnty. of San Francisco*, 120 Cal. App. 2d 671, 673 (1953). California law dictates that all jails "shall develop written policies and procedures whereby all incarcerated persons have the opportunity and ability to submit and appeal grievances relating

1  to any conditions of confinement, including but not limited to: . . . mail . . . procedures . . . ." 15

2  C.C.R. § 1073. Pursuant to this law, the County has established a grievance procedure which

3  enables "any inmate [to] file a grievance relating to conditions of confinement," including "mail

4  use procedures." To initiate the procedure, an inmate must "complete[] [an] inmate grievance

5  form" which must "be filed . . . within 14 days of the complaint or issue." The procedure dictates

6  that "[u]pon receiving a completed inmate grievance form, the supervisor shall ensure that the

7  grievance is investigated and resolved or denied in a timely manner, as established by the Division

8  Commander." It further provides: "Inmates may appeal the finding of a grievance to the Division

9  Commander as the final level of appeal within five days of receiving the findings of the original

10 grievance. The Division Commander will review the grievance and either confirm or deny it."

11 Plaintiffs have failed to fully exhaust their administrative remedies under the County's grievance

12 procedure.

13                          **FIFTH AFFIRMATIVE DEFENSE**

14                            **(Government Claims Act)**

15         5.      Plaintiffs failed to comply with Government Code §§ 810, et seq., and §§ 910 et

16 seq. both procedurally and substantively.

17                          **SIXTH AFFIRMATIVE DEFENSE**

18                              **(Estoppel, Waiver)**

19         6.      The Amended Complaint is barred, in whole or in part, by the doctrines of estoppel

20 and waiver.

21                        **SEVENTH AFFIRMATIVE DEFENSE**

22                              **(Unclean Hands)**

23         7.      By virtue of Plaintiffs' behavior as partially described in the Answer to the

24 allegations within the Amended Complaint, Plaintiffs are barred from receiving relief by the

25 doctrine of unclean hands.

26                         **EIGHTH AFFIRMATIVE DEFENSE**

27                            **(Qualified Immunity)**

28         8.      Defendants are immune from liability under the doctrine of qualified immunity.

## NINTH AFFIRMATIVE DEFENSE

### (Sovereign Immunity)

9.      Defendants are immune under the doctrine of sovereign immunity.

## TENTH AFFIRMATIVE DEFENSE

### (Privilege)

10.     Defendants' actions were privileged under applicable statutes and case law.

## RESERVATION OF FURTHER AFFIRMATIVE DEFENSES

Defendants lack sufficient information of all facts and evidence surrounding Plaintiffs' claims and therefore are unable to completely ascertain all affirmative defenses available to them at this time. Defendants hereby give notice that they intend to assert further affirmative defenses as may become available during discovery in this matter. Accordingly, Defendants reserve their right to amend this Answer and assert additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, having responded to Plaintiffs' and Counter-Defendants' Amended Complaint and stating their affirmative defenses, Defendants and Counterclaimants pray that:

1.      The Amended Complaint of Plaintiffs and Counter-Defendants be dismissed in its entirety with prejudice;

2.      Judgment be entered against Plaintiffs and Counter-Defendants and in favor of Defendants and Counterclaimants, and that Plaintiffs and Counter-Defendants take nothing by their Amended Complaint;

3.      The Court award Defendants and Counterclaimants their attorneys' fees, costs, and expenses;

4.      Defendants and Counterclaimants shall have such other, further, and different relief as the case may require and the Court may deem just and proper under the circumstances.

# COUNTERCLAIMS

## Parties

1.      The County of San Mateo (the "County") is a California municipal corporation with its principal offices located in Redwood City, County of San Mateo, State of California.

2.      Upon information and belief, A.B.O. Comix is an unincorporated business entity not licensed to do business in the State of California with its principal place of business at 2520 Telegraph Ave, Oakland, California 94612. Upon information and belief, A.B.O. Comix employs between 11 and 20 individuals, generates between $1 million to $5 million in revenue annually, and is not licensed or registered to do business in the State of California.

3.      Kenneth Roberts is an individual who is currently incarcerated in San Mateo County at Maple Street Correctional Center.

4.      Ruben Gonzalez-Magallanes is an individual who is currently incarcerated in San Mateo County at Maple Street Correctional Center.

5.      Domingo Aguilar is an individual who is currently incarcerated in San Mateo County at Maguire Correctional Facility.

6.      Kevin Prasad is an individual who is currently incarcerated in San Mateo County at Maple Street Correctional Center.

7.      Upon information and belief, Malti Prasad is an individual residing in Sacramento County, California.

8.      Upon information and belief, Zachary Greenberg is an individual who was convicted in September 2022 of assault with a deadly weapon and is currently incarcerated at Folsom State Penitentiary in Represa, California. Mr. Greenberg is not incarcerated in any of the County's jails and is not subject to its regulations.

9.      Upon information and belief, Wumi Oladipo is an individual residing in Alameda County, California.

## Jurisdiction and Venue

10.      This Court has subject-matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1331 and § 2201 because at the time the County removed Plaintiffs' suit to federal court

DEFENDANTS' ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

it asserted myriad claims arising under federal law. "Whether federal question jurisdiction exists is based on the claims asserted on the 'face' of the complaint at the time of removal." *Peek v. Bish's RV, Inc.*, No. 3:21-cv-00370-MMD-CLB, 2022 WL 3716725, at *2 (D. Nev. Mar. 18, 2022) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Counterclaims arose in the Northern District of California.

**Facts Common to All Counterclaims**

12. Prison administrators are under a Constitutional "obligation to take reasonable measures to guarantee the safety of . . . inmates." *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). To satisfy this duty, they are duty bound to "prevent, so far as possible, the flow of illicit weapons into the prison" and "must be ever alert to attempts to introduce drugs and other contraband into the premises." *Id.* at 527.

13. Simply "permitting mail to pass through a prison without examination of the contents, as a means of accommodating" a prisoner's "asserted constitutional right to be free from search and seizure of their mail, would endanger both guards and other inmates" and violate the constitutional obligation of prison administrators to take reasonable measures to protect such persons. *Ransom v. Greenwood*, No. 99-CV-2592, 2005 WL 8166145, at *9 (S.D. Cal. Aug. 17, 2005).

14. Preventing the introduction of drugs or weapons "is one of the most perplexing problems of prisons." *Hudson*, 468 U.S. at 527. This problem has been compounded in recent years because fentanyl and other opioids can be easily concealed in letters. *See City & Cnty. of San Francisco v. Purdue Pharma L.P.*, 491 F. Supp. 3d 610, 680 (N.D. Cal. 2020).

15. For this reason, the Constitution affords prison administrators a presumptive right "to inspect[] mail for contraband." *Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999). Such screening is also warranted because administrators "must be vigilant to detect escape plots." *Hudson*, 468 U.S. at 527.

16. "In prison, official surveillance has traditionally been the order of the day." *Lanza v. State of New York*, 370 U.S. 139, 143 (1962).

17.     This means that, absent very narrow exceptions, anyone communicating with an incarcerated person should do so with the assumption that anything they say or write is being "electronically intercepted and recorded." *Id.* at 141. Ordinarily "no prisoner" or person communicating with a prisoner "should reasonably expect privacy" in prison-based communications—much less an attorney who should be acutely aware of these rules. *U.S. v. Van Poyck*, 77 F.3d 285, 290–91 (9th Cir. 1996).

18.     Exercising its constitutional obligation to protect the safety of inmates as well as jail staff, in April 2021, the County initiated a policy to digitize incoming non-legal mail to inmates (the "Mail Policy"). To do so, the County contracted with Smart Communications Holding, Inc. ("Smart"), to use Smart's MailGuard technology.

19.     Under the Mail Policy, inmate mail is directed to Smart, who scans the mail and uploads digital copies of the mail into a database accessible to jail staff. The jail staff reviews the mail, and if approved, a digital copy is provided to the recipient via tablets and kiosks.

20.     The County initiated the Mail Policy to further address the introduction of drugs, weapons, and other contraband into the jail through inmate mail. The County was particularly concerned about mitigating the introduction of opioids, including fentanyl, into the jail through inmate mail.

21.     The opioid epidemic, particularly fentanyl, has had devastating effects on the Bay Area. "The opioid crisis has infiltrated communities throughout the country," including the Bay Area. *City & Cnty. of San Francisco, v. Purdue Pharma L.P.*, 491 F. Supp. 3d 610, 629 (N.D. Cal. 2020). And "it is common knowledge that fentanyl is particularly deadly." *Commonwealth v. Burton*, 234 A.3d 824, 833 (Pa. Sup. Ct. 2020). "Between 1999 and 2016, more than 350,000 people died from opioid-related overdoses—2017, alone, added nearly 48,000 people to the total number of opioid-related deaths." *Purdue Pharma L.P.*, 491 F. Supp. 3d at 629. Thus, courts routinely take "judicial notice that heroin/fentanyl addiction in this country has reached crisis levels and that Fentanyl is an especially addicting, dangerous, and unpredictable opiate that has exacerbated the crisis, resulting in many deaths." *U.S. v. Lebron*, 492 F. Supp. 3d 737, 740 (N.D. Ohio 2020).

22.     Jails obviously are not immune from this epidemic. As Judge Breyer observed, "[n]ot only has the opioid crisis impacted San Francisco's streets, but [its] jails are seeing an influx of opioid contraband." *Purdue Pharma L.P.*, 491 F. Supp. 3d at 629.

23.     Fentanyl and other opioids are easily introduced into jails by mail "through paper that ha[s] been soaked, sprayed or otherwise treated with illicit substances before being mailed to prisoners." *Human Rights Def. Center v. Bd of Cnty. Comm'rs*, __ F. Supp. 3d __, 2023 WL 1473863, at *1 (D.N.H. Feb. 2, 2023) ("*HRDC*").

24.     "Narcotics introduction pose[s] a risk to the health, safety, and security of the Jail's prisoners and staff." *Id.* at *1. As Judge Breyer recently found: "Fentanyl is deadly. While heroin generally contains only 5%–15% active drug, fentanyl is often 100% pure." *City & Cnty. of San Francisco v. Purdue Pharma, L.P.*, 620 F. Supp. 3d 936, 22 U.S. Dist. LEXIS 142962, at *32 (N.D. Cal. 2022) (citation omitted). In fact, it is "100 times more potent than morphine and as much as 50 times more potent than heroin." *Id.* Even "[a] dash of fentanyl—not much larger than a few grains of sand—can be fatal. " *Id.* at *33. Moreover, material containing "suspected fentanyl" must be handled with extreme caution "because death can result if just a small amount makes contact with a person's skin." *U.S. v. Joseph*, 978 F.3d 1251, 1260 (11th Cir. 2020).

25.     Visually "inspecting incoming mail" for fentanyl and many other opioids is ineffective because "methods for disguising narcotic-treated paper [have] grown increasingly sophisticated and visual inspection often fail[s]." *HRDC*, __ F. Supp. 3d __, 2023 WL 1473863, at *1. And buying machines "to scan incoming mail for narcotics" is prohibitively expensive and, critically, such machines "[can]not detect fentanyl." *Id.*

**An Actual Case and Controversy Exists with Regard to the County's Counterclaims**

26.     When a party's actions "cause [another party] to have a real and reasonable apprehension that he will be subject to liability, the [other party] has presented a justiciable case or controversy" under the Declaratory Judgment Act. *Spokane Indian Tribe v. U.S.*, 972 F.2d 1090, 1092 (9th Cir. 1992).

27.     Where a plaintiff actually sues a defendant for violating a particular law or legal doctrine and then files an amended complaint no longer asserting that law or legal doctrine, an

1  "existing controversy" remains regarding the purportedly abandoned claim unless that claim is

2  legally extinguished by a released because the prior suit "create[s] a reasonable apprehension on

3  the part of the party seeking declaratory judgment." *E.g.*, *Hoffman-La Roche Inc. v. Genpharm*

4  *Inc.*, 50 F. Supp. 2d 367, 374 (D.N.J. 1999).

5        28.     Plaintiffs' Original Complaint averred, inter alia, that the Mail Policy "violates the

6  First Amendment" because "it is not rationally related to any legitimate penological goals" and

7  "leaves not adequate alternatives to communication." Original Complaint ("OC") ¶ 88.

8        29.     Plaintiffs' Original Complaint also averred, inter alia, that the Mail Policy "violates

9  the Fourth Amendment because it constitutes an unreasonable search and seizure of

10  correspondence and other information in which Plaintiffs and others maintain a reasonable

11  expectation of privacy." OC ¶ 91.

12        30.     On May 24, 2023, after the County had undergone the enormous expense of

13  drafting a comprehensive motion to dismiss, Plaintiffs filed their Amended Complaint, which

14  likewise alleges that the Mail Policy "serves no legitimate penological purpose,"[1] but "no longer

15  raises claims under federal law" and instead brings identical claims exclusively "under Article I,

16  Section 2 and Article I, Section 13 of the California Constitution."[2] Plaintiffs then moved to

17  remand the case to state court, representing their "federal claims have been dropped." Dkt. 28 at

18  4:13.

19        31.     When the County's counsel asked Plaintiffs' counsel to dismiss their purportedly

20  abandoned federal claims, so that they could not be later revivified in state or federal court,

21  Plaintiffs refused.

22        32.     Specifically, after being served with Plaintiffs' Amended Complaint, the County's

23  counsel informed Plaintiffs' counsel that "[b]y the time you had reached out to us regarding

24  plaintiffs' intent to file an amended complaint, we had exhausted considerable resources preparing

25  a motion to dismiss the federal and the state claims." Nonetheless, the County diplomatically

26  offered "not to oppose remand if the plaintiffs voluntarily dismiss all their federal claims with

27

28  [1] AC ¶ 2.
   [2] Dkt. 28 at 3:13–14, 2:15–17.

1    prejudice." *Id.*

2         33.    Plaintiffs' counsel responded:

3             I take Defendants' concern about dismissal to be that we might
4             ***immediately file*** a new lawsuit raising our federal claims and then
              litigate the two suits in parallel. I can assure you that we do not
5             intend to do so, and ***we have no plans of litigating our clients'***
              ***federal claims*** <u>***at this point***</u>. We cannot, however, agree to dismiss
6             the claims with prejudice.

7    (Emphasis added).

8         34.    The County's counsel responded:

9             I appreciate your email. If the plaintiffs do not intend to refile the
10            federal claims either in federal or state court, ***why are they***
              ***unwilling to dismiss them with prejudice?***

11   (Emphasis added).

12        35.    Plaintiffs' counsel evasively responded:

13            ***We see no reason to voluntarily dismiss the federal claims with***
14            ***prejudice***, which, as you know, is not the typical course when the
              case is in such early stages and there has been no decision on the
15            merits. ***We don't think there is any benefit to doing so here***, given
              that we've already dropped the claims and have told you that we
16            have no intention of refiling them.

17   (Emphasis added).

18        36.    Plaintiffs' reply in support of their motion to remand reiterates Plaintiffs' refusal to

19   dismiss their federal claims, representing that: "Plaintiffs believe that their federal claims . . . are

20   meritorious," but refusing to consent to dismissal of those claims despite purportedly claiming

21   "that they would not litigate those claims." Dkt. 32 at 2:5-7. If Plaintiffs truly have no intention of

22   reviving their federal claims, no reason exists not to consent to their dismissal with prejudice.

23        37.    Moreover, contrary to Plaintiffs' false representations, their challenges to the Mail

24   Policy "under Article I, Section 2 and Article I, Section 13 of the California Constitution" are

25   governed by the very same law that governs their claims under the First and Fourth Amendments

26   of the United States Constitution.

27        38.    Article I, § 2 "is equivalent to the First Amendment's free speech clause." *Gerawan*

28

DEFENDANTS' ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS

1  *Farming Inc. v. Lyons*, 24 Cal. 4th 468, 512 (2000). First Amendment law recognizes that

2  "[r]egulations regarding the review of [prisoner's] incoming mail are evaluated under the . . . test

3  set forth in *Turner v. Safley*," 482 U.S. 78 (1987). *Reynolds v. Rios*, 2011 WL 617424, at *2 (E.D.

4  Cal. Feb. 10, 2011).

5        39.     California codified prisoners' constitutional and statutory civil rights in California

6  Penal Code § 2600, which provides that during "confinement" inmates may be "deprived of

7  rights" if such deprivation "is reasonably related to legitimate penological interests." Section 2600

8  is "designed to conform California law to the decision in *Turner* [*v. Safely*, 482 U.S. 78 (1987)]."

9  *Cnty. of Nevada v. Superior Court*, 236 Cal. App. 4th 1001, 1009 n.2 (2015). California's

10  Supreme Court held § 2600 embodies ***the sum total of all*** "***statutory as well as constitutional***

11  ***rights***" enjoyed by prisoners under California law. *In re Qawi*, 32 Cal. 4th 1, 21 (2004) (emphasis

12  added). Thus, *all* inmate free-speech claims under California law are "governed by the high

13  court's test in *Turner*." *Thompson*, 25 Cal. 4th at 130 (2001). This includes claims under the

14  "California constitution." *Snow v. Woodford*, 128 Cal. App. 4th 383, 389, 390 n.3 (2005).

15        40.     *Turner* is "a rational-basis test." *Evans v. Skolnik*, 997 F.3d 1060, 1071 n.8 (9th Cir.

16  2021). Under it, a jail regulation will survive an inmate's constitutional challenge "if it is

17  reasonably related to legitimate penological interests." *Thompson*, 25 Cal. 4th at 130 (emphasis

18  and citations omitted).

19        41.     Article I, § 13 is the California Constitution's "counterpart to the Fourth

20  Amendment['s]" search-and-seizure clause. *People v. Sabo*, 185 Cal. App. 3d 845, 448 n.1 (1986).

21  Like the Fourth Amendment, a claim under Article I, § 13 turns on whether the person invoking its

22  protection had "a reasonable expectation of privacy." *People v. Abbot*, 162 Cal. App. 3d 635, 639

23  (1984). This is because a "search," within the meaning of § 13, only occurs when a government

24  agent intrudes upon a "sphere" in which society recognizes "a reasonable expectation of privacy."

25  *People v. Dickson*, 91 Cal. App. 3d 409, 414 (1979).

26        42.     California law, like the Fourth Amendment, applies a bright-line rule to inmate

27  claims: "***a person incarcerated in a jail or prison possesses no justifiable expectation of***

28  ***privacy***." *Loyd*, 27 Cal. 4th at 1001 (emphasis added). This is because a person "detained in jail

cannot reasonably expect to enjoy the privacy afforded to a person in society" because the "lack of privacy is a necessary adjunct to . . . imprisonment." *Id.* Because it is settled under California law that inmate communications do "not enjoy a justifiable expectation of privacy," such communications may always be subjected to "official surveillance." *Id.* at 1002. California law, like federal law, does not impede "surveillance" in any way. *Id.* at 1004, 1010.

43.     Plaintiffs' federal claims have not been released or dismissed with prejudice. Moreover, Plaintiffs' Amended Complaint continues to plead state law claims that are governed by the identical tests that would govern their federal claims. Accordingly, the County continues to have "a real and reasonable apprehension that [it] will be subject to liability," in light of the Plaintiffs' prior and continuing accusations and conduct, the County's Counterclaims seeking declaratory relief regarding those claims, "present[s] a justiciable case or controversy" under the Declaratory Judgment Act. *See Spokane Indian Tribe*, 972 F.2d at 1092.

### FIRST COUNTERCLAIM FOR DECLARATORY JUDGMENT

### U.S. Constitution, Amend. IV

### (Against All Plaintiffs)

44.     The County repeats and re-alleges each and every preceding allegation as if fully set forth herein.

45.     A real and justiciable controversy exists between the County and Plaintiffs concerning whether the Mail Policy violates the Fourth Amendment of the U.S. Constitution as incorporated against the States by the Fourteenth Amendment.

46.     Plaintiffs' Original Complaint averred that the Mail Policy "violates the Fourth Amendment because it constitutes an unreasonable search and seizure of correspondence and other information in which Plaintiffs and others maintain a reasonable expectation of privacy . . . ." OC ¶ 91.

47.     This claim has not been released and Plaintiffs refused to dismiss it with prejudice. Therefore, the County has no adequate remedy at law.

48.     "[P]risoners have no legitimate expectation of privacy"—not even in "their cells and lockers." *Hudson v. Palmer*, 468 U.S. 517, 529–30 (1984). As a consequence, they cannot

"invoke the protections of the Fourth Amendment." *Id.* And, as Judge Koh ruled, *Hudson*'s axiom, like its California law analog applied in *Loyd* and *Garvey*, "applies equally to an inmate's incoming mail." *Treglia v. Cate*, 2012 WL 3731774, at *3 (N.D. Cal. Aug. 28, 2012). This is because "inmates well know that their permitted communications with people outside the prison," including "non-legal mail" are always "subject to monitoring." *U.S. v. Yandell*, 2022 WL 1607923, at *4 (E.D. Cal. May 20, 2022). Thus, as Judge Patel held, "*[i]t is settled law that prisoners have no legitimate expectation of privacy in their [nonprivileged] correspondence.*" *Crump v. Gomez*, 1995 WL 274359, at *2 (N.D. Cal. April 27, 1995) (citation omitted) (emphasis added). This is because the County's security interest "justifies [the] minor burden placed on [a prisoner's] freedom to communicate with friends and relatives." *Id.* (citation omitted).

49.     By reason of the foregoing, the County is entitled to declaratory judgment, declaring, adjudging, and decreeing that the Mail Policy is lawful and valid and does not violate or contravene the Fourth Amendment or the Fourteenth Amendment of the United States Constitution.

## SECOND COUNTERCLAIM FOR DECLARATORY JUDGMENT

## California Constitution, Art. I, § 13

### (Against All Plaintiffs)

50.     The County repeats and re-alleges each and every preceding allegation as if fully set forth herein.

51.     A real and justiciable controversy exists between the County and Plaintiffs concerning whether the Mail Policy violates the Article I, § 13 of the California Constitution.

52.     Plaintiffs' Amended Complaint avers that the Mail Policy "violates Article I, Section 13 of the California Constitution because it constitutes an unreasonable search and seizure of correspondence and other information in which Plaintiffs and others maintain a reasonable expectation of privacy . . . ." Amended Complaint ¶ 90.

53.     Like the Fourth Amendment, a claim under Article I, § 13 turns on whether the person invoking its protection had "a reasonable expectation of privacy." *People v. Abbot*, 162 Cal. App. 3d 635, 639 (1984). This is because a "search," within the meaning of § 13, only occurs

1   when a government agent intrudes upon a "sphere" in which society recognizes "a reasonable

2   expectation of privacy." *People v. Dickson*, 91 Cal. App. 3d 409, 414 (1979).

3       54.     "Determining whether an expectation of privacy is . . . 'reasonable' necessarily

4   entails a balancing of interests. The two interests here are the interest of society in the security of

5   its penal institutions and the interest of the prisoner in privacy." *Sacramento Cnty. Deputy*

6   *Sheriff's' Ass'n v. Cnty. of Sacramento*, 51 Cal. App. 4th 1468, 1480, 1485 (1996) (quoting

7   *Hudson v. Palmer*, 468 U.S. 517, 527-28 (1984)). And in jails, both the federal and the California

8   Constitutions "strike [that] balance in favor of institutional security," because jail security "is

9   'central to all other corrections goals.'" *Sacramento Cnty.*, 51 Cal. App. 4th at 1480 (quoting

10  *Hudson*, 468 U.S. at 527–28).

11      55.     Accordingly, California law, like the Fourth Amendment, applies a bright-line rule

12  to inmate claims: "***a person incarcerated in a jail or prison possesses <u>no justifiable expectation</u>***

13  ***<u>of privacy</u>***." *Loyd*, 27 Cal. 4th at 1001 (emphasis added). This is because a person "detained in jail

14  cannot reasonably expect to enjoy the privacy afforded to a person in society" because the "lack of

15  privacy is a necessary adjunct to . . . imprisonment." *Id.* Because it is settled under California law

16  that inmate communications do "not enjoy a justifiable expectation of privacy," such

17  communications may always be subjected to "official surveillance." *Id.* at 1002. California law,

18  like federal law, does not impede "surveillance" in any way. *Id.* at 1004, 1010.

19      56.     By reason of the foregoing, the County is entitled to declaratory judgment,

20  declaring, adjudging, and decreeing that the Mail Policy is lawful and valid and does not violate or

21  contravene Article I, § 13 of the California Constitution.

### THIRD COUNTERCLAIM FOR DECLARATORY JUDGMENT

### U.S. Constitution, Amend. I

### (Against All Plaintiffs)

25      57.     The County repeats and re-alleges each and every preceding allegation as if fully

26  set forth herein.

27      58.     A real and justiciable controversy exists between the County and Plaintiffs

28  concerning whether the Mail Policy violates the First Amendment of the U.S. Constitution as

1    incorporated against the States by the Fourteenth Amendment.

2        59.     Plaintiffs' Original Complaint averred that the Mail Policy "violates the First

3    Amendment" because "it is not rationally related to any legitimate penological goals" and "leaves

4    not adequate alternatives to communication" OC ¶ 88.

5        60.     This claim has not been released and Plaintiffs refused to dismiss it with prejudice.

6    Therefore, the County has no adequate remedy at law.

7        61.     The Mail Policy complies with the First Amendment because it satisfies "the

8    standards set forth in *Turner v. Safely*," 482 U.S. 78 (1987), which governs "[r]egulations

9    regarding the review of [inmate] mail" under the First Amendment and California law. *See*

10   *Reynolds v. Rios*, 2011 WL 617424, at *2 (E.D. Cal. Feb. 10, 2011). *Turner* is "a rational-basis

11   test." *Evans v. Skolnik*, 997 F.3d 1060, 1071 n.8 (9th Cir. 2021). Under it, a "regulation is valid if

12   it is reasonably related to legitimate penological interests." *Turner*, 482 U.S. at 89. Case law

13   recognizes regulations requiring the digitization of "all incoming personal inmate mail" in order to

14   "prevent the introduction of illegal narcotics," and allowing inmates to read this mail on

15   "electronic tablets" is reasonably related to a "legitimate penological interest" as a matter of law.

16   *HRDC*, __ F. Supp. 3d __, 2023 WL 1473863, at *1-*3, *6. And the Ninth Circuit has held

17   providing "kiosks" for prisoners to review digitized copies of their mail is, for First Amendment

18   purposes, "an adequate substitute for regular distribution of paper copies." *Crime Justice & Am. v.*

19   *Honea*, 876 F.3d 966, 976 (9th Cir. 2017). Thus, the Mail Policy is "reasonably related to

20   legitimate penological interests."

21       62.     By reason of the foregoing, the County is entitled to declaratory judgment,

22   declaring, adjudging, and decreeing that the Mail Policy is lawful and valid and does not violate or

23   contravene the First Amendment or the Fourteenth Amendment of the United States Constitution.

24              **FOURTH COUNTERCLAIM FOR DECLARATORY JUDGMENT**

25                      **California Constitution, Art. I, § 2**

26                          **(Against All Plaintiffs)**

27       63.     The County repeats and re-alleges each and every preceding allegation as if fully

28   set forth herein.

64.     A real and justiciable controversy exists between the County and Plaintiffs concerning whether the Mail Policy violates the Article I, § 2 of the California Constitution. Plaintiffs' Amended Complaint avers that the Mail Policy "violates Article I, Section 2 of the California Constitution" because it inhibits inmates' freedom "to express themselves" and "is not rationally related to any legitimate penological goals." AC ¶¶ 2, 89.

65.     California codified prisoners' constitutional and statutory civil rights in California Penal Code § 2600, which provides that during "confinement" inmates may be "deprived of rights" if such deprivation "is reasonably related to legitimate penological interests." Section 2600 is "designed to conform California law to the decision in *Turner* [*v. Safely*, 482 U.S. 78 (1987)]." *Cnty. of Nevada*, 236 Cal. App. 4th at 1009 n.2. California's Supreme Court held § 2600 embodies ***the sum total of all* "*statutory as well as constitutional rights*"** enjoyed by prisoners under California law. *In re Qawi*, 32 Cal. 4th 1, 21 (2004) (emphasis added). Thus, *all* inmate free-speech claims under California law are "governed by the high court's test in *Turner*." *Thompson*, 25 Cal. 4th at 130 (2001). This includes claims under the "California constitution." *Snow v. Woodford*, 128 Cal. App. 4th 383, 389, 390 n.3 (2005).

66.     Because the Mail Policy "is reasonably related to legitimate penological interests" and satisfies the *Turner* test, it does not violate California law as a matter of law.

67.     By reason of the foregoing, the County is entitled to declaratory judgment, declaring, adjudging, and decreeing that the Mail Policy is lawful and valid and does not violate or contravene Article I, § 2 of the California Constitution or California Penal Code § 2600.

## PRAYER FOR RELIEF

WHEREFORE, having responded to Plaintiffs and Counter-Defendants' Amended Complaint and stating their affirmative defenses, Defendants and Counterclaimants pray that the Court:

1.     Award the County the declaratory relief sought by its First Counterclaim and declare, adjudge, and decree that the Mail Policy is lawful and valid and does not violate or contravene the Fourth Amendment or the Fourteenth Amendment of the United States Constitution.

2.      Award the County the declaratory relief sought by its Second Counterclaim and declare, adjudge, and decree that the Mail Policy is lawful and valid and does not violate or contravene Article I, § 13 of the California Constitution.

3.      Award the County the declaratory relief sought by its Third Counterclaim and declare, adjudge, and decree that the Mail Policy is lawful and valid and does not violate or contravene the First Amendment or the Fourteenth Amendment of the United States Constitution.

4.      Award the County the declaratory relief sought by its Fourth Counterclaim and declare, adjudge, and decree that the Mail Policy is lawful and valid and does not violate or contravene Article I, § 2 of the California Constitution.

5.      Award Defendants and Counterclaimants their attorneys' fees, costs, and expenses.

6.      Award the County such other, further, and different relief as the case may require and the Court may deem just and proper under the circumstances.

DATED: June 23, 2023                                   Respectfully submitted,

BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation

By: _____

Chad E. DeVeaux
Attorneys for Defendants COUNTY OF SAN
MATEO and CHRISTINA CORPUS