PATRICK M. RYAN (SBN 203215)
  pryan@bzbm.com
CHAD E. DEVEAUX (SBN 215482)
  cdeveaux@bzbm.com
CHRISTOPHER W. GRIBBLE (SBN 285337)
  cgribble@bzbm.com
TAYLOR YAMAHATA (SBN 347192)
  tyamahata@bzbm.com
BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile:  (415) 956-1152

Attorneys for COUNTY OF SAN MATEO and
CHRISTINA CORPUS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| A.B.O. Comix, Kenneth Roberts, Zachary Greenberg, Ruben Gonzalez-Magallanes, Domingo Aguilar, Kevin Prasad, Malti Prasad, and Wumi Oladipo, <br><br> Plaintiffs, <br><br> v. <br><br> County of San Mateo and Christina Corpus, in her official capacity as Sheriff of San Mateo County, <br><br> Defendants. | Case No. 3:23-cv-01865-JSC <br><br> **DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-OPPOSITION TO PLAINTIFFS' MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants County of San Mateo (the "County") and Christina Corpus (collectively "Defendants") submit the following Administrative Motion for leave to file a one-page Sur-Opposition to Plaintiffs' Motion to Remand (Dkt. 28), in order to address the effect of changed circumstances, to wit, the County filed Counterclaims on June 23, 2023, seeking, inter alia, a declaratory judgment, decreeing that the County's mail policy does not violate or contravene the First, the Fourth Amendment or the Fourteenth Amendments. Defendants' counsel notified Plaintiffs' counsel by email of Defendants' intent to file this motion and asked if Plaintiffs would so stipulate. Declaration of Chad E. DeVeaux in Support of Defendants' Administrative Motion, Ex. A. Plaintiffs' notified Defendants that they will not stipulate to the motion. *Id.* Attached hereto as **Exhibit 1** is Defendants' proposed Sur-Opposition.

**MEMORANDUM OF POINTS AND AUTHORITIES**

After Defendants filed their Opposition to Plaintiffs' motion, the County filed Counterclaims seeking a declaratory judgment decreeing the mail policy does not violate the First, Fourth or Fourteenth Amendments. The County seeks such relief because Plaintiffs' original complaint asserted First and Fourth Amendment claims and Plaintiffs have refused to dismiss those claims with prejudice, putting the County in apprehension that Plaintiffs will seek to subject it to liability on those claims. L.R. 7-3 ordinarily does not permit "additional memoranda" to be filed. But, as Judge Staton recognized, it is proper to grant parties "leave to file a [sur-response]" regarding a motion "to address [a] change in circumstance" effecting that motion. *STM Atl. N.V. v. Dong Yin Dev. Holdings Ltd.*, 2019 WL 2417625, at *3 n.1 (C.D. Cal. Feb. 15, 2019). Defendants believe that the federal Counterclaims constitutes such a "change in circumstance."

DATED: June 26, 2023

Respectfully submitted,

BARTKO ZANKEL BUNZEL & MILLER

By: _____ */s/ Chad E. DeVeaux* _____
CHAD E. DEVEAUX
Attorneys for Defendants
COUNTY OF SAN MATEO and
CHRISTINA CORPUS

ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-OPPOSITION TO MOTION TO REMAND

# EXHIBIT 1

1  PATRICK M. RYAN (SBN 203215)
   *pryan@bzbm.com*
2  CHAD E. DEVEAUX (SBN 215482)
   *cdeveaux@bzbm.com*
3  CHRISTOPHER W. GRIBBLE (SBN 285337)
   *cgribble@bzbm.com*
4  TAYLOR YAMAHATA (SBN 347192)
   *tyamahata@bzbm.com*
5  BARTKO ZANKEL BUNZEL & MILLER
   A Professional Law Corporation
6  One Embarcadero Center, Suite 800
   San Francisco, California 94111
7  Telephone: (415) 956-1900
   Facsimile:  (415) 956-1152
8
   Attorneys for COUNTY OF SAN MATEO and
9  CHRISTINA CORPUS

10                      UNITED STATES DISTRICT COURT

11          NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

12

13  A.B.O. Comix, Kenneth Roberts, Zachary          Case No. 3:23-cv-01865-JSC
    Greenberg, Ruben Gonzalez-Magallanes,
14  Domingo Aguilar, Kevin Prasad, Malti Prasad,    **DEFENDANTS' PROPOSED SUR-**
    and Wumi Oladipo,                               **OPPOSITION TO PLAINTIFFS'**
15                                                  **MOTION TO REMAND**
                    Plaintiffs,
16
           v.
17
    County of San Mateo and Christina Corpus, in
18  her official capacity as Sheriff of San Mateo
    County,
19
                    Defendants.
20

21

22

23

24

25

26

27

28

3042.000/1861793.2                                  Case No. 3:23-cv-01865-JSC

1

**DEFENDANTS' PROPOSED SUR-OPPOSITION**

2       The County filed their federal Counterclaims because Plaintiffs' refusal to dismiss their

3   federal claims with prejudice and their evasive explanations for not doing so has caused

4   Defendants to be gravely concerned Plaintiffs will revive their federal claims at the eleventh hour.

5       Filing Counterclaims asserting federal claims does not create federal question jurisdiction.

6   But federal question jurisdiction independently exists here because such jurisdiction is established

7   "on the basis of the pleadings on file at the time of removal." *Millar v. BART Dist.*, 236 F. Supp.

8   2d 1110, 1116 (N.D. Cal. 2002). As such, "if a case was properly removed, a plaintiff cannot

9   thereafter oust the federal court of jurisdiction by unilaterally changing the case so as to destroy

10  the ground upon which removal was based." *Id.* Thus, "[w]hen a plaintiff amends a complaint to

11  eliminate the federal question upon which proper removal was based," the Court has substantial

12  discretion that it should exercise based on the circumstances of the case. *Hodges v. In Shape*

13  *Health Clubs, LLC*, 2017 WL 4386052, at *2 (E.D. Cal. Oct. 2, 2017).

14      The Counterclaims constitute an additional circumstance that favors retaining the case. The

15  fact that a defendant has filed a Counterclaim raising federal questions after a plaintiff

16  "dismiss[ed] [its own] federal … claim" is a circumstance supporting the exercise of discretion to

17  "retain pendant jurisdiction over [the plaintiff's] … state-law claims" because litigating the

18  plaintiffs' claims in state court and the defendant's claims in federal court "would be an extremely

19  inefficient use of judicial resources." *Ampleman v. Trans States Airlines, Inc.*, 204 F.R.D. 437, 439

20  (D. Mo. 2001). In the alternative, the Court could sever the County's federal claims and retain

21  jurisdiction over those claims and remand Plaintiffs' state law claims. This would ensure

22  Defendants' right to have its federal constitutional rights judged by an Article III court.

23    DATED: June 26, 2023                                    Respectfully submitted,

24                                                  BARTKO ZANKEL BUNZEL & MILLER

25                                        By: _____*/s/ Chad E. DeVeaux*_____
                                                       CHAD E. DEVEAUX
26                                                   Attorneys for Defendants
                                                  COUNTY OF SAN MATEO and
27                                                   CHRISTINA CORPUS

28