UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.B.O. COMIX, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN MATEO, et al.,<br><br>    Defendants. | Case No. 23-cv-01865-JSC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO REMAND TO STATE COURT**<br><br>Re: Dkt. No. 28 |

Plaintiffs allege San Mateo County's policy of digitizing and destroying mail sent to people in its jails violates Article I, Section 2 and Article 1, Section 13 of the California Constitution. (Dkt. No. 28.) Plaintiffs' motion to remand to state court is now pending before the Court. (*Id*.) After carefully considering the parties' written submissions, the Court concludes oral argument is unnecessary, *see* Civ. L. R. 7-1(b), and grants Plaintiffs' motion and remands the case to San Mateo County Superior Court. The Court also grants Defendants' administrative motion for leave to file sur-opposition to Plaintiffs' motion to remand and, in this Order, addresses the points raised.

## BACKGROUND

### A. Complaint Allegations

San Mateo County has a policy of digitizing and later destroying mail sent to people in its jails. (Dkt. No. 27 ¶ 1.) As a result, people in San Mateo County's jails no longer receive physical mail, other than attorney communications. (*Id*.) Plaintiffs Kenneth Roberts, Ruben Gonzalez-Magallanes, Domingo Aguilar, and Kevin Prasad are individuals incarcerated in San Mateo County. (*Id*. ¶ 3.) Under the policy, all are no longer able to receive physical mail from their loved ones, educators, or religious advisors. (*Id*. ¶ 3.)

A.B.O. Comix is an organization supporting incarcerated people through artistic expression and therefore relies on physical mail to communicate with people in prisons and jails. (*Id.* ¶ 5.) Plaintiff Malti Prasad has a son incarcerated in San Mateo County who she communicates with using mail. (*Id.* ¶ 6.) Plaintiff Zachary Greenberg was also incarcerated in San Mateo County and communicated with his significant other, Plaintiff Wumi Oladipo, via mail. (*Id.* ¶ 7.)

The County's digitization policy includes increased surveillance of the mail. (*Id.* ¶ 8.) The database storing the digitized copies is provided to all law enforcement officers in the County's corrections division, to investigators in its sheriff's office and district attorney's office, and to investigators in other municipalities. (*Id.*) Anyone with access to the database can read and search the mail without the need for individualized suspicion of wrongdoing and without providing notice. (*Id.*)

Plaintiffs challenge the policy under Article I of the California Constitution, as they allege it serves no legitimate penological purpose. (*Id.* ¶ 9.) Under Section 2 of Article I, Plaintiffs allege the policy denies them the ability to communicate effectively and freely. (*Id.* ¶ 89.) Under Section 13 of Article I, Plaintiffs allege the search and seizure of correspondence without any suspicion of wrongdoing is unreasonable in its scope and duration. (*Id.* ¶ 90.)

**B. Procedural Background**

Plaintiffs filed this action in San Mateo County Superior Court. (Dkt. No. 1 at 2.) The original complaint alleged the above California Constitution claims, as well as claims under the First and Fourth Amendments of the U.S. Constitution and the Religious Land Use and Institutionalized Persons Act. (*Id.* ¶¶ 88-95.) Defendants then filed a notice of removal on federal question grounds. (*Id.* at 3.) Plaintiffs filed the operative Amended Complaint as of right. Fed. R. Civ. P. 15(a)(1). The Amended Complaint eliminated all federal claims; only the California Constitution claims remain. (Dkt. No. 27.) Now pending is Plaintiffs' motion to remand. (Dkt. No. 28.) After Plaintiffs moved to remand, Defendants filed an answer asserting four counterclaims, two of which are based on federal law. (Dkt. No. 38 at 27-28; 29-30.)

\\\

**LEGAL STANDARD**

Federal courts have federal question jurisdiction over controversies arising under federal laws or the U.S. Constitution. 28 U.S.C. § 1331. Once federal claims that formed the basis of federal question jurisdiction are dismissed, the court has discretion to retain, remand, or dismiss the supplemental state law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988). If the federal questions are eliminated relatively soon after removal, absent evidence of bad faith, remanding the case to state court rather than dismissal is ordinarily preferred. *Id.*; *see also Albingia Versicherungs A.G. v. Schenker Int'l, Inc.*, 344 F.3d 931, 939 (9th Cir. 2003) (explaining federal courts should ordinarily decline supplemental jurisdiction after dismissal of jurisdiction-conferring claims, but dismissal is not mandatory). Further, it is a possible abuse of discretion to retain a case when the federal claims have been dropped in the early stages of litigation. *Carnegie-Mellon Univ.*, 484 U.S. at 357.

**DISCUSSION**

Plaintiffs move to remand on the grounds that now that the federal claims have been eliminated from the lawsuit, the Court should remand the case to state court. Defendants respond (1) federal question jurisdiction still exists, and (2) even if not, the Court should exercise its supplemental jurisdiction of the state law claims. Neither argument is persuasive.

**I.     A Federal Question Does not Exist**

Despite Plaintiffs' amendment of their complaint to include only state law claims, Defendants contend federal claims sufficient to confer subject matter jurisdiction are still present. Not so.

**A.     Plaintiffs Are Not Invoking Federal Questions**

Defendants' insistence that Plaintiffs continue to invoke the federal constitution in their Amended Complaint is unpersuasive. Plaintiffs are the masters of their complaint. *See The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon, and therefore does determine whether he will bring a 'suit arising under' the patent or other law of the United States by his declaration or bill.").

Plaintiffs only make state law claims in their Amended Complaint. It was within their discretion to decide "what law [they] will rely upon." *Id.*

Defendants' citation to *Alvarez v. Hill* to support the existence of federal claims in the Amended Complaint is unpersuasive. The plaintiff in *Alvarez* later attempted to raise a claim not explicitly pled in his complaint, but one that could be established by the facts pled. *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008) ("[plaintiff's] . . . claim was presented to the district court because his complaint and subsequent filings provided appellees with 'fair notice' of that claim, even though the statute was not cited in the complaint itself."). While *Alvarez* established an unnamed claim *may* be asserted later if the facts pled are sufficient to support it, *Alvarez* does not establish the claim *is necessarily* asserted if not explicitly stated in the pleadings. *Id.* (emphasis added). *Alvarez* is different from the scenario here. Plaintiffs are not attempting to assert a claim not explicitly stated in their complaint, despite potentially having pled facts sufficient to do so.

Plaintiffs' choice to bring claims arising only under state law controls. The Amended Complaint does not support federal question jurisdiction.

**B.     The Existence of Relevant Federal Standards Does Not Establish Federal Question Jurisdiction**

Next, Defendants argue federal legal standards control the operative provisions under California law, such that a federal court is more well-suited to hear the case. (Dkt. No. 31 at 9.) In particular, Defendants argue that as the claims are concerned with a prison policy, they are controlled by federal standards. *Thompson v. Dep't of Corr.*, 25 Cal. 4th 117, 129-31 (2001) (stating Cal. Penal Code § 2600 is controlled by the test established in the United States Supreme Court's decision in *Turner*, because the Legislature amended the section to directly quote *Turner*); *see Turner v. Safley*, 482 U.S. 78 (1987). But, as Plaintiffs note, the relevance of federal precedent to state law claims has never been a basis to retain federal jurisdiction. *See, e.g., Pub. Sch. Tchrs.' Pension & Ret. Fund of Chi. v. Guthart*, No. 5:14-CV-01384-EJD, 2014 WL 2891563, at *3 (N.D. Cal. June 25, 2014) (rejecting the argument that retention of jurisdiction is necessary where "federal law is infused throughout the [c]omplaint.") (citing *Grable & Sons Metal Prod., Inc. v.*

4

*Darue Eng'g & Mfg,* 545 U.S. 308, 314 (2005)). Even if the *Turner* standard is relevant to the state law claims, it does not support federal question jurisdiction or the exercise of supplemental jurisdiction of the state law claims.

### C. The State Law Claims Do Not Necessarily Raise a Federal Claim

Federal courts have federal question jurisdiction over a state law claim only if it (1) necessarily states a federal issue, (2) is actually disputed and substantial, and (3) the court may entertain the issue without disturbing congressionally approved balance of federal and state judicial responsibilities. *Grable & Sons Metal Products, Inc.*, 545 U.S. at 312-13; *see* 28 U.S.C. § 1331. *Grable* established a "special and small category" of cases in which a state law claim necessarily raises a federal law claim. *See Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 701 (2006) ("*Grable* emphasized it takes more than a federal element 'to open the "arising under" door.' This case cannot be squeezed into the slim category *Grable* exemplifies.") (internal citations omitted). Few cases have fallen into the "slim category" set forth in *Grable*: "(1) a series of quiet-title actions from the early 1900s that involved disputes as to the interpretation and application of federal law; (2) a shareholder action seeking to enjoin a Missouri corporation from investing in federal bonds on the ground that the federal act pursuant to which the bonds were issued was unconstitutional; and (3) a state-quiet title action claiming that property had been unlawfully seized by the Internal Revenue Service (IRS) because the notice of the seizure did not comply with the Internal Revenue Code." *City of Oakland v. BP PLC*, 969 F.3d 895, 904 (9th Cir. 2020) (cleaned up). Plaintiffs do not raise a claim within one of these narrow categories under *Grable*, nor one that necessarily raises a federal law element.

\*\*\*

As discussed above, the Amended Complaint does not state a federal question. So, this Court no longer has federal question jurisdiction over the case.

## II. Discretionary Remand is Warranted

While the case was initially properly removed to federal court, as federal question jurisdiction no longer exists, it is within this Court's discretion to either retain or remand the remaining state law claims. The discretionary remand decision depends upon what "will best

5

accommodate the values of economy, convenience, fairness, and comity. . . ." *Carnegie-Mellon Univ.*, 484 U.S. at 351 (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726-27 (1966)). When the balance of these factors indicates a case properly belongs in state court, the federal court should decline jurisdiction. *Id.* "In the usual case," the balance of factors will weigh toward remanding any remaining pendent state claims to state court. *Id.* at 350 n.7. The balance of the factors in this case favor remand.

### 1.     Fairness

Fairness should be considered when making a decision to remand remaining state law claims. Absent evidence of bad faith, a plaintiff's decision to move to a state forum is permissible. *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 490-91 (9th Cir. 1995). Here, there is no evidence Plaintiffs are acting in bad faith by requesting to litigate in state court. For example, *Baddie* held:

> A plaintiff is entitled to file both state and federal causes of action in state court. The defendant is entitled to remove. The plaintiff is entitled to settle certain claims or dismiss them with leave of the court. The district court has discretion to grant or deny remand. Those are the pieces that comprise plaintiffs' allegedly manipulative pleading practices. We are not convinced that such practices were anything to be discouraged.

*Id.* at 490. Here, Plaintiffs chose the state forum over their federal claims, and eliminated the federal claims accordingly. They were entitled to do so.

### 2.     Judicial Economy

There is little judicial economy to be gained by forcing Plaintiffs to litigate their state law claims in this federal court. *See Carias v. Lenox Fin. Mortg. Corp.*, No. 07-CV-0083-SC, 2008 WL 618917, at *2 (N.D. Cal. Mar. 5, 2008) ("[S]tate courts are better equipped to efficiently handle state law claims."). So, remand best serves judicial economy.

### 3.     Comity

As a matter of comity, federal courts should avoid needless decisions of state law to ensure a "surer-footed" reading of applicable state law. *Gibbs*, 383 U.S. at 726 (citation omitted). Plaintiffs' only remaining claims arise under the California Constitution; state courts are better equipped to address those claims.

#### 4. Convenience

Finally, there is no additional convenience for Plaintiffs or Defendants from litigating in the Northern District. To the contrary, many parties involved in this case, including Defendants, are located in and around San Mateo County. (Dkt. No. 28 at 7.) There would be additional convenience in litigating in San Mateo County Superior Court.

### III. Dismissal of the Federal Claims with Prejudice Is Not Required

Defendants also argue the Court should require Plaintiffs to dismiss the federal law claims with prejudice to obtain remand. Since Plaintiffs had the right to amend without leave of court, and had the right to eliminate the federal claims, the preclusive effect of the dismissal will become ripe only if Plaintiffs try to reassert the federal claims in this lawsuit or another. *Cf.*, *Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999) ("whether the second voluntary dismissal is subject to the two dismissal rule such that it operates with prejudice as an adjudication upon the merits is an issue that becomes ripe (and can be determined) only in a third action, if and when one is filed"). The district court cases Defendants cite do not suggest otherwise as each arises in a different context. *See, e.g., Ricks v. Voong*, No. 18-CV-01069-JD, 2018 WL 3068305, at *2 (N.D. Cal. June 21, 2018) (plaintiff sought remand without first amending the complaint to remove the federal claims, which were ultimately found to be unmeritorious); *Renewable Creative v. Lake Las Vegas Destination Mktg. Council*, No. 2:11-CV-01974-KJD-CWH, 2012 WL 1432414, at *1 (D. Nev. Apr. 25, 2012) (plaintiffs required the court's permission to amend the complaint to eliminate the federal claims); *Gray v. H.K. Porter Co., Inc.* No. 93-CV-3645-VRW, 1994 WL 443693, at *1 (N.D. Cal. Aug. 8, 1994) (plaintiff himself proposed dismissal of federal claims with prejudice).

### IV. The Federal Counterclaims do not Support Jurisdiction

Defendants' federal counterclaims do not provide federal question jurisdiction. *Hartford Cas. Ins. Co. v. Turner (In re Hartford Litig. Cases)*, 642 Fed. Appx. 733, 736 (9th Cir. 2016) ("Even if they had filed the documents prior to the remand order, documents could not have altered the district court's decision to remand to state court because 'counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance.'")

7

(quoting *Vaden v. Discover Bank*, 556 U.S. 49, 61-62 (2009)).  And the Court disagrees they provide a reason to retain jurisdiction of this case.  *Ampleman v. Trans States Airlines, Inc.*, 204 F.R.D. 437, 439-40 (E.D. Mo. 2001), is inapposite.  The *Ampleman* counterclaims involved a discovery dispute, and therefore involved facts that had arisen before the federal court.  *Id.* at 439.  Further, the *Ampleman* parties had also already spent significant time litigating in federal court, briefing a motion for partial summary judgment, and engaging in discovery.  *Id.* at 439-40.  Under those circumstances, remand would have been an extremely inefficient use of judicial resources.

Defendants' suggestion the Court can remand the state law claims and retain jurisdiction of the federal counterclaims is wholly unsupported.  If the counterclaims do not provide a basis for federal question jurisdiction, *see Vaden v. Discover Bank*, 556 U.S. 49, 67 (2009), how would the Court have jurisdiction of the counterclaims?  Further, it would make no sense to have two different cases addressing the same set of facts.  The Court has discretion to remand the entire case, and it exercises its discretion to do so.

## CONCLUSION

For the reasons stated above, Plaintiffs' motion to remand to San Mateo County Superior Court is GRANTED.  The Court also GRANTS Defendants' administrative motion for leave to file sur-opposition to Plaintiffs' motion to remand.

This Order disposes of Docket Nos. 28 and 40.

**IT IS SO ORDERED.**

Dated: July 20, 2023

JACQUELINE SCOTT CORLEY
United States District Judge