STEPHANIE KRENT (*Pro Hac Vice*)
KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY
475 Riverside Drive, Suite 302
New York, NY 10115
Tel.: (646) 745-8500
Email: stephanie.krent@knightcolumbia.org

CARA GAGLIANO (SBN 308639)
AARON MACKEY (SBN 286647)
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Tel.: (415) 436-9333
Email: cara@eff.org

MARIA DEL PILAR GONZALEZ MORALES (SBN 308550)
SHUBHRA SHIVPURI (SBN 295543)
SOCIAL JUSTICE LEGAL FOUNDATION
523 West 6th Street, Suite 450
Los Angeles, CA 90014
Tel.: (213) 973-4063
Email: pgonzalez@socialjusticelaw.org

*Attorneys for Plaintiffs A.B.O. Comix, Kenneth Roberts, Zachary Greenberg, Ruben Gonzalez-Magallanes, Domingo Aguilar, Kevin Prasad, Malti Prasad, and Wumi Oladipo*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION**

| | |
|---|---|
| A.B.O. Comix, Kenneth Roberts, Zachary Greenberg, Ruben Gonzalez-Magallanes, Domingo Aguilar, Kevin Prasad, Malti Prasad, and Wumi Oladipo,<br><br>Plaintiffs,<br><br>v.<br><br>County of San Mateo and Christina Corpus, in her official capacity as Sheriff of San Mateo County,<br><br>Defendants. | Case No.: 3:23-CV-1865-JSC<br><br>The Honorable Jacqueline Scott Corley<br><br>**PLAINTIFFS' REQUEST FOR ENTRY OF JUDGMENT** |

1
PLAINTIFFS' REQUEST FOR ENTRY OF JUDGMENT          Case No. 3:23-CV-1865-JSC

Pursuant to Rule 58(d) of the Federal Rules of Civil Procedure, Plaintiffs request that this Court set out its decision granting Plaintiffs' motion to remand in a separate document pursuant to Rule 58(a).

On July 20, 2023, this Court granted Plaintiffs' motion to remand their case to Superior Court of San Mateo County on the grounds that a federal question no longer existed and that the values of economy, convenience, fairness, and comity warranted discretionary remand of Plaintiffs' state-law claims and Defendants' counterclaims. *See* ECF No. 44. The Order was entered in the civil docket pursuant to Rule 79(a). *Id*. As is customary in this District, the Court did not enter a judgment in a document separate from the one containing the Court's reasoning.

Under Rule 58, most orders are not final until they have "(1) been entered in the civil docket under Rule 79(a) *and* (2) the earlier of two events has occurred, *i.e.*, it is set out in a separate document or 150 days have run from its entry in the civil docket." *Zaragoza v. Berryhill*, No. 16-CV-00628-BAS-WVG, 2017 WL 4803915, at *1 (S.D. Cal. Oct. 24, 2017) (emphasis added). In *Harmston v. City & County of San Francisco*, the Ninth Circuit appears to have held that the separate document requirement applies to remand orders. 627 F.3d 1273, 1280 (9th Cir. 2010).

Rule 58(d) permits a party to "request that judgment be set out in a separate document as required by Rule 58(a)." Fed. R. Civ. P. 58(d). Out of an abundance of caution, and in order to expedite finality, Plaintiffs respectfully request that this Court enter a judgment, in a separate document, granting Plaintiffs' motion to remand to Superior Court of San Mateo County.

DATED: August 10, 2023

Respectfully submitted,

/s/ *Stephanie Krent*
Stephanie Krent (*Pro Hac Vice*)
Knight First Amendment Institute at
Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
T: (646) 745-8500
stephanie.krent@knightcolumbia.org

Cara Gagliano (SBN 308639)
Aaron Mackey (SBN 286647)
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA 94109
T: (415) 436-9333
cara@eff.org

Maria del Pilar Gonzalez Morales (SBN 308550)
Shubhra Shivpuri (SBN 295543)
Social Justice Legal Foundation
523 West 6th Street, Suite 450
Los Angeles, CA 90014
T: (213) 973-4063
pgonzalez@socialjusticelaw.org

*Counsel for Plaintiffs*